■ BEATRICE A. PANICONI, Respondent, v WALTERS TRANSIT CORP. et al., Appellants. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated December 8, 1983, as denied their motion for summary judgment, and (2) so much of an order of the same court, dated February 16, 1984, as, upon renewal, adhered to its original determination which denied their motion for summary judgment.

Appeal from the order dated December 8, 1983 dismissed. That order was superseded by the order dated February 16, 1984, made upon renewal.

Order dated February 16, 1984 affirmed, insofar as appealed from.

Respondent is awarded one bill of costs.

Special Term properly concluded that there were issues of fact as to whether plaintiff had sustained a "serious injury" as defined by subdivision 4 of section 671 of the Insurance Law, so as to preclude the granting of defendants' motion for summary judgment (see *Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.

■ MARTHA PEREZ, Appellant, v JACK SISKEL, as Executor of PAUL J. SCHOFIELD, Deceased, Respondent. — In an action to recover damages for medical malpractice, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated August 16, 1983, which, after a jury verdict, was in favor of defendant.

Judgment affirmed, without costs or disbursements.

Plaintiff's primary contention at trial was that defendant's decedent removed an excessive amount of cartilage from her nose when he performed a submucous resection. Given the sharp conflict between the respective experts called by plaintiff and defendant concerning, *inter alia,* whether the pathology report indicated that a normal or an egregiously abnormal amount of cartilage had been removed, and whether infection could have remained in plaintiff's nose after the operation, it cannot be said that " 'the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence'" (*Tannenbaum v Mandell,* 51 AD2d 593; see Siegel, NY Prac, § 406). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.