RICHARD M. CORTWRIGHT et al., Appellants, v BREWERTON INTERNATIONAL SPEEDWAY, INC., Respondent.

Fourth Department, March 10, 1989

**APPEARANCES OF COUNSEL**

*Duell & Love (Verner Love* of counsel), for appellants.

*James G. Stevens (James Stevens, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

LAWTON, J.

The issue presented on this appeal is whether the duty owed to a patron by an owner of an auto speedway is the same as that owed by an owner to a patron of a baseball game, viz., to

provide a sufficient number of protected seats in the area of greatest danger *(Akins v Glens Falls City School Dist.,* 53 NY2d 325, *rearg denied* 54 NY2d 831; *Davidoff v Metropolitan Baseball Club,* 61 NY2d 996). We hold that it is not.

The facts are not in dispute. On September 5, 1986 plaintiff, a regular spectator at auto racing events, attended a race at defendant's Brewerton Speedway. Plaintiff elected to sit on the top row of the bleachers, which was just above the top of the fence that separated the grandstand from the track. The lower rows, which had empty seats available, were behind the fence. This chain link fence was approximately 8 to 10 feet high and ran along the entire length of the grandstand. The racing surface was approximately four feet below the fence and the race cars passed along a straightaway in front of the bleachers. During one of the races, a jagged stone the size of a baseball was propelled by a passing race car's tire over the chain link fence striking plaintiff in the knee and causing him physical injury.

Plaintiff alleged two theories of negligence: first, that defendant was negligent in permitting a stone of that size to be on the track during a race; and secondly, that defendant was negligent in failing to provide adequate protective fencing. The court without objection charged the jury under common-law principles with respect to the first theory *(see, Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433).

With regard to the second theory, the court adapted the language employed by the majority in the case of *Akins v Glens Falls City School Dist.* (53 NY2d 325, *supra),* and over plaintiff's objection charged the jury as follows:

"The plaintiff has also claimed that the speedway owner was negligent in that it failed to erect and provide protective barriers to adequately safeguard and protect spectators from rocks or debris which might be thrown from the track. The law requires that the owner of a race track has the duty to provide protection for the area of the track where the danger to a spectator of being struck by debris from the track is the greatest. The law also requires that there must be an adequate protection for as many spectators as may reasonably be expected to desire such seating during the course of a race.

"With respect to this claim of negligence, if you find that the plaintiff was not seated in the area of greatest danger of debris coming from the track when he was injured, you will find that the speedway owner was not negligent. If you find that the plaintiff was seated in the area of greatest danger from debris coming from the track, you must consider whether adequate protection was provided for the number of spectators that might reasonably be expected to desire pro-

tected seating during a race. If you find that there were a sufficient number of adequately protected seats, then you will find that the speedway owner was not negligent. If you find that there were not a sufficient number of seats as required, or that the protection for those seats was inadequate, you will find the owner of the speedway negligent."

Because it was undisputed that plaintiff voluntarily sat in the unprotected last row of seats, though seating was available in the lower protected rows, this charge was tantamount to a directed verdict for the defendant. The jury responded accordingly and by a special verdict found that defendant was not negligent.

We do not believe that the rationale employed by the Court of Appeals in *Akins (supra)* is applicable to this case. The circumstances are quite different. In baseball, a fly ball is an integral part of the game itself. This is not true with respect to flying debris from a racetrack. While it is not uncommon for debris to be propelled from the track by a passing race car's tire or for parts of cars crashing against one another or against the retaining wall to be propelled into the air, it is not an expected occurrence. This can happen with equal probability anywhere around the track and one location is no safer than another. It is for just this reason that a wall and fence were erected along the entire length of the grandstand.

In the present case, the testimony was that the fence was of an inadequate height to stop a flying stone from hitting a person seated in the last row of the bleachers. No warning signs indicated this fact. Further, there is nothing about the seat's location that would allow a spectator to make an informed decision whether to sit in the protected lower rows of seats or the unprotected last row. This is not the case in most baseball parks. As pointed out by the court in *Akins,* there are clearly defined areas where maximum danger exists in the game of baseball. The majority of foul balls land in a narrow radius of home plate. Further, due to the proximity of home plate to the stands, the time to escape these misguided balls is extremely limited. It is for these reasons that protective screening is necessary. The farther a spectator is seated from home plate, the chances of being struck by a foul ball are diminished and because the ball is traveling a greater distance, it is traveling at a reduced speed. In addition, the farther a patron is seated from home plate the greater the time he has to avoid being struck by the ball. These factors are well known to any baseball fan, thus enabling him to make an informed choice whether to sit in the protected area with a restricted view, or in the unprotected area with an unrestricted view.

The exposure to danger is greater in the present case than in baseball. The danger of a foul ball traveling to a seat exists only when a batter swings at a pitched ball, a particular moment in time during which a viewer's attention is normally directed at the batter. The danger of a stone flying from the track is a constant threat during a race when cars are speeding by. A patron watching race cars positioned around the track is not able to remain vigilant against such a danger. Likewise, the proximity of the seating to the track in this case provides little time to react to avoid being struck, even if one was able to see the projectile. In this respect, plaintiff was in no different position than a baseball fan seated behind home plate.

The duty of the owner in this case was to provide adequate protection to all the customers seated in the grandstand, rather than only those seated in areas of greatest danger. This presented a jury question with respect to the adequacy of the protective fencing. Courts have long recognized the dangers inherent in auto racing and nothing has changed over the past 35 years to warrant departure from the rule set down in *Saari v State of New York* (203 Misc 859, 865-866, *affd* 282 App Div 526), wherein it was stated: "It requires no proof other than common observation and common sense that there is present in high speed auto racing a constant danger that a racing car, operating at high speed, may hurtle from the course by reason of skidding, collision, mechanical failure, or loss of control, to the great peril of any spectators in its path. The risk being high, the standard of care must likewise be high. One who conducts or sponsors such an event is in our opinion negligent, unless he uses a high degree of care to provide adequate safeguards against reasonably foreseeable dangers to spectators and enforces the observation of such safeguards and precautions, both by participants and by spectators." *(See also, Arnold v State of New York,* 163 App Div 253.)*

For these reasons, we believe that the better procedure to follow would be for the court to charge the jury under general common-law negligence principles, viz., the duty of an owner to provide a "reasonably safe condition" under all circumstances without strict delineation between areas of lesser and greater danger.

For these reasons, the judgment should be reversed, and a new trial granted.

DILLON, P. J., CALLAHAN, DOERR and PINE, JJ., concur.

Judgment unanimously reversed, on the law, with costs, and new trial granted.