■ JUAN JIMENEZ, JR., Appellant, v URBAN UNIVERSAL STRUCTURES, INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered August 28, 1989, which dismissed the complaint upon granting the defendant's motion to dismiss the complaint for failure to establish a prima facie case of negligence, made at the close of the plaintiff's case.

Ordered that the order is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff allegedly injured himself when he tripped and fell over a brick lying on an unbarricaded, torn-up sidewalk near a construction site. Following the close of the plaintiff's case the defendant moved to dismiss the complaint, arguing that the plaintiff failed to prove a prima facie case. In support of its argument, the defendant, relying upon *Weigand v United Traction Co.* (221 NY 39), asserted that the plaintiff was bound to see what by the proper use of his senses he should have seen, namely, the brick. The court, without explanation, granted the defendant's motion, and the complaint was dismissed. We now reverse.

"To be entitled to judgment as a matter of law, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case; the plaintiff's evidence must be accepted as true, and plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence *(Nicholas v Reason,* 84 AD2d 915). The motion should be granted only if there is no rational process by which the jury could find for the plaintiff as against the moving defendant" *(Hylick v Halweil,* 112 AD2d 400).

The *Weigand* doctrine will not be applied to absolve a defendant from its own negligence where there is evidence that the condition causing the injury was inherently dangerous *(see, e.g., Morell v Peekskill Ranch,* 104 AD2d 492, 493 [Rubin, J., dissenting], *revd* 64 NY2d 859 *on dissenting opn at App Div).* Here, the plaintiff presented sufficient evidence from which a trier of fact could conclude that the condition causing the plaintiff's injury was inherently dangerous, and that the defendant either created the condition or had constructive notice thereof. Accordingly, the plaintiff is entitled to a new trial. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.