■ SARA GHIZE, Appellant, v KINNEY DRUGS, INC., Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Simone, Jr., J.), entered September 26, 1990 in St. Lawrence County, upon a verdict rendered in favor of plaintiff.

In April 1986, plaintiff was shopping at a store owned and operated by defendant in the Town of Canton, St. Lawrence County, when she was struck in the neck and shoulder by a box which fell from a shelf. Plaintiff immediately drove to consult her family doctor, Robert Litman, who ordered X rays of plaintiff's neck and shoulder, prescribed painkillers and suggested that plaintiff wear a soft cervical collar. The follow-

ing day Litman informed plaintiff that she had a cervical sprain and cervical spondylosis and that she should rest for a week and then return for a follow-up appointment. In February 1987, plaintiff consulted an orthopedic surgeon who prescribed physical therapy. After attending these sessions for a period of time, plaintiff resumed treatments with Litman, visiting him approximately once a month for four months.

In January 1989, plaintiff commenced this personal injury action seeking damages for the injuries she sustained in defendant's store. After joinder of issue, plaintiff served a verified bill of particulars and approximately two weeks prior to trial submitted a letter supplementing her bill of particulars (see, CPLR 3042 [g]). At the commencement of the trial, Supreme Court ruled that plaintiff would not be permitted to introduce certain medical evidence which was outside of the scope of her bill of particulars or its supplement. The jury returned a verdict finding defendant solely liable for the accident and awarding plaintiff $1,400 in damages. Plaintiff now appeals, claiming that Supreme Court's erroneous rulings with respect to the jury charge and her application to supplement the bill of particulars substantially prejudiced her rights and affected the jury's ability to assess her injuries, thereby resulting in an inadequate award.

In our view, Supreme Court committed reversible error in refusing to give a missing witness charge with regard to defendant's examining physician. Defendant "did not attempt to show that the doctor was not under [its] control, and his testimony would not have been cumulative because [defendant] did not present any medical evidence to support [its] contention that * * * plaintiff's injuries were minimal" (Siegfried v Siegfried, 123 AD2d 621; see, Grey v United Leasing, 91 AD2d 932, 933; Osowicki v Engert, 85 AD2d 778, 779, lv denied 55 NY2d 608; Jerry v Borden Co., 45 AD2d 344, 350; Rice v Ninacs, 34 AD2d 388, 390; cf., Laffin v Ryan, 4 AD2d 21; but see, Levande v Dines, 153 AD2d 671, 672; Getlin v St. Vincent's Hosp. & Med. Center, 117 AD2d 707, 708-709). Supreme Court should have charged the jury that it may consider the failure of defendant to call "the doctor who examined plaintiff on behalf of defendant" (PJI 1:75) and that it "may infer, if [it] deem[ed] it proper to do so, that the testimony of the uncalled person would not contradict the opposing evidence, or would not support [defendant's] version of the case and * * * may also draw the strongest inferences against [defendant] that the opposing evidence permits" (ibid.; see, Grey v United Leasing, supra).

The remaining issues raised by plaintiff, including her claim that Supreme Court abused its discretion in not allowing her to supplement her bill of particulars at the commencement of the trial, have been rendered academic by our determination.

Mahoney, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs, by reversing so much thereof as awarded damages to plaintiff; matter remitted to the Supreme Court for a new trial on the issue of damages only; and, as so modified, affirmed.