■ MIGNA ROMAN, Respondent, v DANIEL VARGAS, Defendant, and BARBARA STEPHENS et al., Appellants.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered July 8, 1991, denying the Stephens defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of the appellants dismissing the complaint as to them.

The Stephens vehicle, driven by defendant, Lawrence Stephens, was proceeding at about 40 to 45 miles per hour in moderate traffic in the center northbound traffic lane on the FDR Drive. The Vargas vehicle, in which plaintiff was a passenger, was, according to defendant Lawrence Stephens, driving alongside of his vehicle in the right lane for the equivalent of several blocks before the accident. Vargas claims he had been traveling in the middle lane but then entered the right lane when he sneezed. In any event, it is undisputed that at about 104th Street on the Drive, Vargas, because of his sneezing, lost control of his vehicle, which struck the cement wall abutting the right side of the roadway, bounced

off the wall and then veered across the roadway, colliding with the Stephens vehicle in the middle lane and eventually smashing into the middle barrier separating the northbound from southbound traffic lanes. The impact to the Vargas vehicle was with the left rear quarter while the damage to the Stephens vehicle was in the right front. Lawrence Stephens' deposition testimony, unrebutted in this record, is that through his peripheral vision, he saw the Vargas vehicle strike the abutment and that he immediately "slammed" on his brakes. As a result of the accident, plaintiff suffered personal injuries for which she has sued both Vargas and the Stephens defendants. The latter moved for summary judgment on the ground that the Stephens vehicle was confronted with an emergency situation, not of its operator's making, and that the operator's actions in such a situation were not unreasonable. Finding issues of fact, the IAS court denied the motion. We reverse, grant summary judgment and dismiss the complaint against the Stephens defendants.

On the uncontroverted facts presented there can be no liability imposed on the Stephenses. " '[T]here is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against' ". (*Viegas v Esposito,* 135 AD2d 708, 709, *lv denied* 72 NY2d 801, quoting *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711.) On these facts, it is clear that Lawrence Stephens had no reasonable opportunity to avoid the unforeseen contingency created when the Vargas vehicle struck the concrete abutment and went out of control, veering into his lane into the path of his car. On this record, there were no alternatives available to Stephens, given his testimony that the accident occurred at the moment he applied his brakes, which as noted, he did immediately upon the Vargas vehicle's contact with the abutting wall. The Vargas deposition does nothing to establish a question of fact with respect to the Stephens defendants' liability. In fact, Vargas, who submitted no affidavit in opposition to the motion, testified that the entire event involved "a question of seconds." The questions of fact alluded to by the IAS court, involving basically the location of the vehicles when they finally came to rest, have nothing to do with the manner in which the accident occurred and do not give rise to any issue as to liability.

Finally, the affidavit of the certified mechanical engineer and accident reconstruction specialist adds nothing to plaintiff's case. The expert's contribution consists of a recital that

he has read the police accident report, depositions, summons and complaint, answers, bill of particulars and photographs of the accident scene and the conclusion, "within a reasonable degree of engineering probability," that the accident "was avoidable and that contact between the Stephens and Vargas vehicles was occasioned by virtue of the careless and negligent operation of the Stephens' vehicle and Vargas vehicle". Elaborating somewhat, he adds, "[H]ad the defendant Stephens braked his vehicle within the normal reaction time, he would have had sufficient opportunity and time to stop his vehicle before it made contact with the Vargas vehicle, or to otherwise direct his vehicle away from the Vargas vehicle and avoid making contact with it." Finally, the expert informs us, "Even if, as Mr. Stephens has testified, he and the Vargas vehicles were travelling almost immediately parallel to one another, Mr. Stephens would have had ample opportunity to pass the Vargas vehicle and circumvent collision with it." Such an affidavit is conclusory in nature and does not constitute evidence in admissible form sufficient to defeat a summary judgment motion. (See, Zuckerman v City of New York, 49 NY2d 557, 560, 562.) No expert is permitted to testify that a party was negligent. The determination of that issue is the exclusive function of the trier of the fact. (See, People v Cronin, 60 NY2d 430, 432-433.) To the extent the expert attempted to explain his conclusion with statements such as had "Stephens braked his vehicle within the normal reaction time" and "ample opportunity to pass the Vargas vehicle", he fails to point to any part of the record as a basis to support such facile conclusions. Suffice to say, the record yields a quite different conclusion. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.