■ CHAWNA DeFREESE, an Infant, by PATRICIA DeFREESE, Her Mother and Natural Guardian, Appellant, v CAROL A. GRAU et al., Respondents. [597 NYS2d 230] —Mahoney, J. Appeal

(transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Meehan, J.), entered September 10, 1991 in Rockland County, upon a verdict rendered in favor of defendants.

This personal injury action arises out of a 1984 car/bicycle collision between plaintiff, a bicyclist, and defendant Carol A. Grau, operator of the subject automobile. Other than mild contusions, the only injury of any significance sustained by plaintiff in the accident was to her right knee. Following trial, the jury concluded that plaintiff's knee injury did not fall within any of the categories of serious injury enumerated in Insurance Law § 5102 (d) and rendered a verdict in favor of defendants. Plaintiff's subsequent motion to set aside the verdict was denied and this appeal ensued.

We affirm. Initially, we discern no error in Supreme Court submitting the issue of serious injury to the jury. It is well established that such is warranted whenever the court finds that (1) the plaintiff has made a prima facie showing that his or her injuries fall within one of the categories of serious injury outlined in Insurance Law § 5102 (d), and (2) the evidence presented at trial is such that reasonable persons could differ with regard to whether the plaintiff's injuries fall within one of those categories (see, e.g., Siegle v County of Fulton, 174 AD2d 930, 931; Perez v Siskel, 107 AD2d 742, 743-744; cf., Licari v Elliott, 57 NY2d 230). Here, there can be little doubt but that the seemingly contradictory interpretations of plaintiff's 1984 knee X ray between the radiologist who performed the initial reading and plaintiff's expert present credibility issues upon which reasonable minds could differ, thus creating the classic jury question.

Nor do we believe the jury's conclusion that plaintiff did not sustain a knee fracture as a result of the accident is against the weight of the evidence. It is axiomatic that a verdict in favor of a defendant should not be set aside on this basis unless " 'the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence' " (Redmond v Schultz, 152 AD2d 823, 824, quoting Olsen v Chase Manhattan Bank, 10 AD2d 539, 544, affd 9 NY2d 829). Here, while plaintiff's orthopedic surgeon testified that the 1984 X ray revealed a "little fleck of bone that has pulled up", which finding he opined was consistent with a shearing type fracture, the radiologist's report was not so definite, concluding only that the X ray revealed an irregularity "which could

represent a shearing type fracture" of the kneecap and recommending clinical correlation for a firm diagnosis. Moreover, because plaintiff's expert did not examine plaintiff until two years after the accident, he was unable to provide any clinical corroboration for the diagnosis. Indeed, no evidence of clinical corroboration was presented. The emergency department record states that plaintiff had "no effusion nor laxity" of the knee and that she presented with a "nontender, normal patella". Further, there is no record evidence from any physician who treated plaintiff shortly after the accident confirming the diagnosis. In view of the foregoing, accompanied by plaintiff's essentially asymptomatic postaccident convalescence and the fact that subsequent X rays taken by the orthopedist revealed no pathology, it is apparent that the jury's according little credence to the testimony of plaintiff's expert is consistent with the weight of the evidence and that its determination, on the whole, is supported by a fair interpretation thereof.

As a final matter, we see no abuse of discretion in Supreme Court's refusal to provide a missing witness charge due to failure of defendants' medical expert to testify at trial. Here, as in *Getlin v St. Vincent's Hosp. & Med. Ctr.* (117 AD2d 707, 709), there is simply nothing to indicate that the doctor's testimony would not have been merely cumulative of the testimony of plaintiff's treating physician.

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.