■ Joseph A. Smith, Appellant, v Lebanon Valley Auto Racing, Inc., Respondent, et al., Defendants. [598 NYS2d 868] — Mikoll, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered August 15, 1991 in Columbia County, upon a verdict rendered in favor of plaintiff.

Plaintiff attended auto races at Lebanon Valley Automobile Racetrack, owned and operated by defendant Lebanon Valley Auto Racing Inc. (hereinafter Lebanon Valley), for approxi-

mately 30 years and performed menial tasks assisting race car pit crews frequently for roughly 20 years. On the night in question he filled out a form, paid a $20 annual license fee for admittance to the pit area and executed a release. He also paid an additional $5 for a pit pass giving him access to the evening's races. Later that night he was injured after two racing cars collided during the feature race, one driven by defendant Tom Corellis and the other by defendant Mert Hulbert. As a result of the impact, the Hulbert car became airborne and crashed into the pit area striking plaintiff.

Plaintiff subsequently commenced this personal injury action against Lebanon Valley, Corellis and Hulbert. The case was tried and a jury found that (1) Lebanon Valley was negligent and its negligence proximately caused plaintiff's injuries, (2) plaintiff did not have the mental capacity to understand the release, (3) plaintiff was, however, comparatively negligent and his comparative negligence was a proximate cause of his injuries, and (4) plaintiff assumed the risk of his injuries. The jury assessed 90% of the fault against plaintiff and 10% against Lebanon Valley. It reduced plaintiff's total award of $600,000 damages to $60,000 due to his culpable conduct. Supreme Court thereafter denied plaintiff's motion to set aside the verdict as against the weight of the evidence and Lebanon Valley's cross motion for an order imposing a sanction against plaintiff's counsel for making a frivolous motion. Plaintiff appeals.

Plaintiff asks this Court to reapportion liability and order a new trial on the issue of apportionment unless Lebanon Valley agrees by stipulation to a verdict based upon this Court's apportionment of liability. Plaintiff contends that the jury's assessment of plaintiff's culpable conduct was against the weight of the evidence and that Supreme Court's denial of his request for a missing witness charge, as well as the court's charge on comparative negligence and assumption of the risk, were erroneous. We disagree and conclude that the judgment should be affirmed.

"Great deference must be accorded the interpretation of the evidence by the jury if there is present credible evidence sufficient to support that interpretation, even if other evidence can be found in the record which would support a contrary conclusion" (*Esner v Janiszewski*, 180 AD2d 991, 993). To reject a jury verdict as against the weight of the evidence, this Court must find "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis

of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). Here, the evidence was conflicting as to plaintiff's location in the pit area when struck and as to the extent of his culpable conduct.

The applicable law is settled. An automobile race sponsor is held to a "high degree of care to provide adequate safeguards against reasonably foreseeable dangers to spectators and [must] enforce[ ] the observation of such safeguards and precautions, both by participants and by spectators" *(Saari v State of New York,* 203 Misc 859, 866, *affd* 282 App Div 526; *see, Cortwright v Brewerton Intl. Speedway,* 145 AD2d 297, 300). To assume a risk a person must know and fully appreciate such risk and the failure to use reasonable care to discover the risk may constitute contributory negligence, but not assumption of the risk *(see, McCabe v Easter,* 128 AD2d 257, 259; *see also, Graham v Murphy,* 135 AD2d 326, 329). Further, a plaintiff with diminished mental capacity " 'should not be held to any greater degree of care for his own safety than that which he is capable of exercising' " *(Padula v State of New York,* 48 NY2d 366, 373, quoting *Mochen v State of New York,* 43 AD2d 484, 487).

Plaintiff testified, *inter alia,* that he received a sixth or seventh grade education, that he attended races at Lebanon Valley for about 30 years and that he had frequently assisted with race car pit crews (doing essentially menial work) for roughly 20 years. He also testified that he had seen race cars hit spectators and was aware of such instances when he entered the pit area. He stated that he did not consider the area where he stood that night restricted, but his examination before trial contained testimony indicating that he had previously admonished children to leave the general area where he stood at the time he was struck and that he had been admonished to leave that general area on six or seven prior occasions by Lebanon Valley personnel. A clinical psychologist opined that plaintiff is "borderline mentally retarded" and that the condition was a chronic one. He testified that although plaintiff can appreciate fear, he still had a diminished mental capacity. He acknowledged that plaintiff received good grades in primary school.

A review of the record indicates that Lebanon Valley did not produce evidence that clearly contradicted plaintiff's proof as to the adequacy of the guardrails and fencing and as to lax security in the pit area. However, there was evidence of warnings given to plaintiff to leave the spot where he was standing when hit and, because the evidence as to plaintiff's

mental capacity was not necessarily conclusive, we cannot say that the jury verdict is "utterly irrational" *(Cohen v Hallmark Cards, supra,* at 499).

Plaintiff's contention that Supreme Court erred in declining his request for a missing witness charge is without merit. A party is entitled to a missing witness charge only where an uncalled witness bearing information on a material issue would be expected to provide noncumulative testimony favorable to the opposing party and is under the control of and available to that party *(see, Diorio v Scala,* 183 AD2d 1065; *Kupfer v Dalton,* 169 AD2d 819, 820). The record indicates that Lebanon Valley's claim that the testimony of the missing witness, Marty Beverwyck, its chief pit steward, would be merely cumulative is valid and, thus, the request was properly denied.

Finally, plaintiff's argument that Supreme Court improperly charged the jury with respect to comparative negligence and assumption of the risk, in that it invited the jury to apportion for each defense, and that the effect of the charge, along with the verdict question sheet, was to suggest to the jury that the two were separate defenses each of which could serve to diminish plaintiff's recovery, is rejected. Evidence supporting both comparative negligence and implied assumption of risk charges was introduced at trial. Moreover, the verdict sheet directed the jury to return one apportionment as to plaintiff's culpable conduct and Supreme Court in its charge directed that there be only one percentage apportionment for culpable conduct, giving emphasis to the verdict sheet's instruction *(see, McCabe v Easter,* 128 AD2d 257, 258-259, *supra; compare, Ciserano v Sforza,* 130 AD2d 618, 620).

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.