■ VIGILANT INSURANCE COMPANY, Appellant, v RIPPNER ELECTRICAL CONSTRUCTION CORP., Respondent. [601 NYS2d 137] —In an action to recover damages paid under a homeowners' contract of insurance, the plaintiff insurer, as subrogee, appeals from (1) a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated August 15, 1990, which, *inter alia,* dismissed the complaint at the close of the plaintiff's case pursuant to CPLR 4401, and (2) an amended judgment of the same court, entered October 10, 1990, providing for the same relief.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment entered October 10, 1990; and it is further,

Ordered that the amended judgment entered October 10, 1990, is reversed, on the law, the judgment is vacated, and a new trial is granted, with costs to abide the event.

This appeal arises from a 1984 fire that severely damaged the home of Jeffrey and Iris Saltzer in Brookville, Nassau County. Pursuant to a homeowners' policy the plaintiff insurer Vigilant Insurance Company (hereinafter Vigilant) paid the Saltzers nearly $300,000 to compensate them for their losses. Vigilant, as subrogee of the Saltzers' claims, then sued the defendant Rippner Electrical Construction Corp. (hereinafter Rippner), alleging that the fire had been caused by negligent electrical work performed while the house was under construction. Specifically, it claimed that Rippner had improperly installed, inspected, and tested certain power cables. At the trial, Vigilant called as witnesses, among others, Nassau County Fire Marshal Thomas E. Tilley and Elliot R. Berrin, an engineer specializing in fire investigations. Both had investigated the fire shortly after its occurrence, which included personal visits to the scene.

Tilley, a 13-year veteran of the Fire Marshal's office and supervising fire investigator of the Investigation Division, testified that based upon his investigation, the fire had originated in the area of the electrical panel boxes, and two connected electrometallic tube conduits (hereinafter EMTs). He identified two areas of "blowout," or severe electrical shorts, on the EMT conduits. He further testified that the fire then followed the basement ceiling, as evidenced by charred beams in the vicinity of the panel boxes, burning pieces of insulation along the way. The burning insulation ultimately dropped on to and ignited certain items which were in storage. However, when he was asked directly whether he had an opinion as to what could cause a blowout, Rippner's counsel made a general objection, which was sustained.

Berrin, a professional engineer who had investigated between 700 and 800 fires and was an author of approximately a dozen papers on the subject of fire protection and investigation, testified that there had been a blowout and arcing of electricity causing a temperature of nearly 10,000° F within the EMT conduits. On several occasions he was asked whether he had an opinion as to the cause of the fire, and indicated that he did. Numerous objections by Rippner's counsel were sustained, preventing the witness from stating that opinion.

The court dismissed the action for failure to make out a prima facie case upon Rippner's motion at the close of Vigilant's case. We reverse. Where conclusions to be drawn from facts depend upon knowledge not within the range of common experience or training, an expert may testify not only to the facts but to the conclusions to which they lead. This is so even if one such conclusion answers an "ultimate question" in the case, and does not improperly usurp the fact-finding function of the jury (see, Sitaras v Ricciardi & Sons, 154 AD2d 451, 452; Kravitz v Long Is. Jewish-Hillside Med. Ctr., 113 AD2d 577, 580). Consequently, we find that the court erred in preventing these expert witnesses from testifying as to their opinions concerning the origin of the fire.

In view of this error, the trial court's ruling regarding the plaintiff's alleged failure to present a prima facie case must also fall. To be entitled to judgment as a matter of law, the defendant movant had the burden of showing that the plaintiff's case was deficient as a matter of law, i.e., that there was no rational process by which the jury could find for the plaintiff as against it. In so concluding, the court had to accept the plaintiff's evidence as true and grant it every favorable inference (see, CPLR 4401; Jimenez v Urban Universal Structures, 174 AD2d 604, 605; Hylick v Halweil, 112 AD2d 400). Had either one of the expert witnesses testified that, in his opinion, the defendant's installation, inspection, or testing of the subject wiring had caused or contributed to the happening of the fire, a jury could have rationally found for the plaintiff (see, Boltax v Joy Day Camp, 67 NY2d 617, 619; Jimenez v Urban Universal Structures, supra). Accordingly, the plaintiff is entitled to a new trial.

In view of this conclusion, we do not reach the plaintiff's remaining contentions. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.