■ SANDRA J. SAVAGE et al., Appellants, v THOMAS J. SHEA FUNERAL HOME, INC., Respondent. [622 NYS2d 363] —White, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered July 9, 1993 in Broome County, upon a verdict rendered in favor of defendant.

The facts adduced at the trial of this negligence action are that, following their mother's death, plaintiffs retained defendant to prepare her body for burial and to provide funeral and burial services. Because the deceased was edematous and swollen as the result of renal failure, defendant utilized several different techniques for removing the fluid from the body and encased it in plastic from the torso to the feet before placing it in the casket. Despite defendant's efforts, body fluids leaked from the casket throughout the funeral mass and gravesite service. At the conclusion of the trial the jury rendered a verdict in favor of defendant, prompting this appeal by plaintiffs.

Plaintiffs' arguments for reversal center on Supreme Court's denial of their request for a res ipsa loquitur charge and a missing witness charge with respect to Steven Sager, an employee of defendant who assisted in the preparation of the

deceased's body. They also contend that Supreme Court erred in acceding to defendant's request for a missing witness charge with respect to Michael Ashman, a physician who had treated plaintiff James M. Segrue.

We agree with defendant that the doctrine of res ipsa loquitur is not applicable here as it is not within the common knowledge of laymen whether defendant deviated from the accepted principles and practices of mortuary science (see, Sohn v Sand, 180 AD2d 789, 790; Schoch v Dougherty, 122 AD2d 467, 469, lv denied 69 NY2d 605). Thus, we find that Supreme Court did not abuse its discretion in denying plaintiffs' request for a res ipsa loquitur charge.

We further find that Supreme Court did not err in denying plaintiffs' request for a missing witness charge regarding Sager. A party is entitled to such a charge where an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under control of and available to that party (see, Smith v Lebanon Val. Auto Racing, 194 AD2d 946, 949; Leven v Tallis Dept. Store, 178 AD2d 466). In this instance, there was extensive testimony from Mark Frost, the funeral director who prepared the body, regarding the handling of the deceased's body from the time it was taken into defendant's custody until it was lowered into the ground. Thus, since Sager merely assisted Frost, it would be expected that his testimony would be cumulative.

Even if Supreme Court erred in giving a missing witness charge with respect to Ashman, the jury's resolution of the liability issue made this alleged error harmless since Ashman's testimony would only have concerned the issue of damages (see, Burstein v Richmond Mem. Hosp. & Health Ctr., 167 AD2d 151, 152).

We have not considered plaintiffs' argument that Supreme Court erred in failing to give a general negligence charge since this issue was not preserved for appellate review by an appropriate objection (see, Dutcher v Fetcher, 183 AD2d 1052, 1054, lv denied 80 NY2d 761).

For these reasons, we affirm the judgment in favor of defendant.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.