[644 NYS2d 388]

John R. Leahy, Appellant, v Wilbur Allen et al., Respondents.

Third Department, June 20, 1996

## APPEARANCES OF COUNSEL

*Gozigian, Washburn & Clinton,* Cooperstown *(Edward Gozigian* of counsel), for appellant.

*Ryan, Orlando & Smallacombe, L. L. P.,* Albany *(Ronald B. Orlando* of counsel), for respondents.

### OPINION OF THE COURT

Yesawich Jr., J.

On January 4, 1993, as plaintiff was traveling south on State Route 205 in the Town of Laurens, Otsego County, his vehicle collided with a manure spreader, pulled by a tractor, traveling in the same direction. The manure spreader and tractor were owned by defendant Wilbur Allen and operated by defendant Peter Green. As a result of this accident plaintiff sustained various injuries, and Green was ticketed for and pleaded guilty to failing to display a slow-moving vehicle emblem on the farm equipment as required by Vehicle and Traffic Law § 375 (36) (b).

Plaintiff thereafter commenced this negligence action, and a trial was held. After being instructed that defendants were negligent as a matter of law due to the failure to display the applicable slow-moving vehicle emblem, the jury returned a verdict in favor of plaintiff, finding that he had suffered damages of $30,600 and bore 50% of the responsibility for the collision. Plaintiff's subsequent motion to set aside the damage award as inadequate was denied, and this appeal followed.

■ At the outset, we reject plaintiff's contention that Supreme Court erred in permitting defendants' accident reconstruction expert, George Pope, to testify upon matters that should have ultimately been left to the jury to decide. The testimony with respect to which plaintiff takes issue consists of Pope's answers to the following hypothetical questions put to him by defendants' counsel:

"Q Now, Mr. Pope, assuming that the plaintiff's vehicle was traveling at approximately 49 to 50 miles per hour, that it was dark, it was overcast, the road was wet, that the farm tractor and manure spreader with the lights as you described were in the location as it was described to you by Mr. Allen * * * did you make any findings with regard to whether a vehicle such as the plaintiff's as it was proceeding would have been able to stop or not given those conditions? * * *

"A I determined that it was fully capable of stopping within the distance allowed.

"Q And what does that mean?

"A I determined that approximately 308 feet was required to bring the vehicle to a stop under those conditions, and there was 400 feet available; therefore, there was a margin of 92 feet available.

"Q Now, if a car such as that proceeding southbound under those same conditions was not to come to a stop but to go around the farm vehicles, did you come to any factual observations with regard to that?

"A Yes, I did. * * *

"Q And what was that?

"A That a safe lane change maneuver of about half a lane would require around 200 feet to execute.

"Q So it would require even less distance?

"A Correct."

This testimony consists of nothing more than a recitation of the factual conclusions Pope drew from his investigation and the simple calculation of subtraction. Significantly, the expert did not opine that plaintiff was negligent, nor did he proclaim that plaintiff's behavior was reasonable or unreasonable; that he should, or should not, have stopped, changed lanes or acted in any other particular manner; or even that he could have avoided the accident had he responded differently. Defense counsel's attempts to draw forth further opinions as to the cause of the accident, and whether plaintiff "would have been in the position to have avoided" it, were met with objections that were, quite rightly, sustained (*see, Roman v Vargas*, 182 AD2d 543, 545). And, to the extent that it may have been improper to allow Pope to testify to that which must also necessarily have been obvious to the jury—namely, that in view of the distances established by his calculations and experiments, there would have been ample distance within which the car could stop without incident—that error was harmless and does not warrant reversing the jury verdict (*see, Turner v Danker*, 30 AD2d 564, 565).

■ Nor are we persuaded by plaintiff's assertion that Pope's testimony should have been stricken because it was revealed, during cross-examination, that his opinions were predicated on observations made under circumstances slightly different from those prevailing at the time of the accident (*cf., Goldner v Kemper Ins. Co.*, 152 AD2d 936, *lv denied* 75 NY2d 704). There is no evidence that Pope's conclusions were in any way affected by the fact that the farm equipment he used to determine visibility had triangular slow-moving vehicle signs attached, while such signs were not present on the machinery at the time of the accident; significantly, Pope testified that his findings as to visibility were based on the bright spotlight mounted on the tractor, and that the reflective signs themselves would have been difficult, if not impossible, to see due to the presence of that light.

■ Supreme Court did, however, err in failing to give a missing witness charge with respect to Francis Hennessy, a physi-

cian who had examined plaintiff at defendants' request but was not called to testify at trial. It has long been the rule that where a party fails to call an available witness in support of his or her case and such witness is under that party's control and in a position to provide noncumulative evidence favorable to the opposing party, the jury should be permitted to draw an adverse inference by reason thereof (*see, e.g., Savage v Shea Funeral Home*, 212 AD2d 875, 876; *Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 949). Defendants, relying upon this Court's decision in *DeFreese v Grau* (192 AD2d 1019), contend that plaintiff was not entitled to a missing witness charge because Hennessy's testimony would merely have been cumulative of the testimony of plaintiff's treating physician.

In this regard, the prevailing case law makes clear that one person's testimony properly may be considered cumulative of another's only when both individuals are testifying in favor of the same party (*see, Savage v Shea Funeral Home, supra; Smith v Lebanon Val. Auto Racing, supra*). To the extent that *DeFreese v Grau* (*supra*) holds otherwise, it is contrary to our prior holding in *Ghize v Kinney Drugs* (177 AD2d 784) and, more importantly, inconsistent with the rationale underlying the missing witness charge; hence, we decline to follow it.* To do otherwise would lead to an anomalous result. Indeed, if the testimony of a defense physician who had examined a plaintiff and confirmed the plaintiff's assertion of a serious injury were deemed to be cumulative to the evidence offered by the plaintiff, thereby precluding the missing witness charge, there would never be an occasion to invoke such charge.

Accordingly, Supreme Court should have instructed the jury that it was at liberty to infer that Hennessy's testimony would have been just what this record reveals—namely, that plaintiff sustained a serious injury. Nevertheless, inasmuch as there was no indication that Hennessy would have been able to provide any testimony bearing on the issue of liability, as opposed to damages, a new trial is necessary on the issue of damages only.

CREW III, J. (concurring in part and dissenting in part). I agree with the majority that Supreme Court erred in failing to give a missing witness charge with respect to Francis Hennessy and, further, that the testimony offered by defendants'

---

* Insofar as *Levande v Dines* (153 AD2d 671) and *Getlin v St. Vincent's Hosp. & Med. Ctr.* (117 AD2d 707) lend additional support to defendants' argument on this point, we likewise elect not to follow them.

accident reconstruction expert, George Pope, should not be stricken merely because the circumstances under which he reconstructed the accident differed slightly from the conditions actually existing on the evening of January 4, 1993. Contrary to the majority's conclusion, however, my review of Pope's testimony reveals that Pope indeed usurped the role of the jury by testifying to an ultimate issue in this case and, therefore, I respectfully dissent.

In this regard, it is well settled that "[w]here conclusions to be drawn from facts depend upon knowledge not within the range of common experience or training, an expert may testify not only to the facts but to the conclusions to which they lead" (*Vigilant Ins. Co. v Rippner Elec. Constr. Corp.*, 196 AD2d 494, 496; *see, People v Cronin*, 60 NY2d 430, 432; *Robillard v Robbins*, 168 AD2d 803, 804, *affd* 78 NY2d 1105). Thus, "[i]f the jury requires the benefit of the expert's specialized knowledge, the expert's opinion should be allowed even when it bears on an ultimate question" (*Dufel v Green*, 84 NY2d 795, 798; *see, Vigilant Ins. Co. v Rippner Elec. Constr. Corp., supra; Robillard v Robbins, supra*).

Here, Pope testified that he reconstructed the accident in question and took various measurements, including the distance at which it became apparent that the tractor was in the southbound lane of the road and the stopping distance available between that point and the point of impact. As calculating site distances and determining the distance required to bring to a stop a particular vehicle under a specified set of circumstances are matters beyond the ken of the average juror, such topics are properly the subject of expert testimony, and a duly qualified expert should be permitted to testify as to his or her conclusions in this regard. The testimony quoted by the majority reveals, however, that Pope went beyond merely reciting the distances involved and testified, over plaintiff's objection, that a vehicle traveling under conditions similar to those present on the night of the accident should have been able to stop within the distance available. In so doing, Pope essentially testified that plaintiff was negligent for failing to bring his vehicle to a stop prior to the point of impact, thereby usurping the role of the jury. This Pope simply could not do (*cf., Roman v Vargas*, 182 AD2d 543), particularly in view of the fact that his ultimate opinion in this regard involved nothing more than basic subtraction, a task that the jury surely was capable of performing on its own and for which no further expert testimony was required, and I cannot

subscribe to the majority's view that any error in this regard may be deemed harmless. Accordingly, I would reverse Supreme Court's judgment and remit for a new trial as to liability.

MERCURE and PETERS, JJ., concur with YESAWICH JR., J.; CREW III, J., and MIKOLL, J. P., concur in part and dissent in part in a separate opinion by CREW III, J.

Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial on the issue of damages.