■ VIVIAN D'ABBRACCIO, Appellant, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Respondents. [648 NYS2d 43] —In an action to recover damages for personal injuries for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered October 5, 1994, which, upon the granting of the defendants' motion for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, the defendants' motion is denied, and a new trial is granted, with costs to abide the event.

At trial, the plaintiff adduced the following relevant evidence: On October 25, 1990, the plaintiff was taken to the defendant hospital for treatment after she injured her ankle. She was seen by the defendant Dr. Gary Guerrino, an intern. Dr. Guerrino, after examining X rays of the ankle, diagnosed the injury as a bruise. Accordingly, he stitched a laceration on the ankle and sent the plaintiff home. The plaintiff continued to experience pain and, after consultation with her private physician, returned to the defendant hospital the following Monday for additional X rays. At that time it was determined that the plaintiff in fact had suffered a compound fracture of the ankle. She underwent surgery the following day and spent a total of approximately 28 days in the hospital after the wound developed an infection. Dr. Guerrino did not deny that the initial X rays that he examined in fact revealed the fracture. The plaintiff presented expert medical opinion evidence that the initial failure to diagnose her injury and properly treat it led to an exacerbation of her injuries and a prolonged hospital stay. Taking this evidence as true and according the plaintiff every favorable inference, it cannot be said that by no rational

process could the jury have found in her favor (*see, Vigilant Ins. Co. v Rippner Elec. Constr. Corp.,* 196 AD2d 494). Accordingly, the court erred in granting the defendants' motion for judgment as a matter of law. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.