(November 29, 1996)

■ VIVIAN D'ABBRACCIO, Appellant, v NEW ROCHELLE HOSPITAL MEDICAL CENTER et al., Respondents. [654 NYS2d 383] —Motion by the respondents for reargument of an appeal from a judgment of the Supreme Court, Westchester County, entered October 5, 1994, which was determined by decision and order of this Court dated September 30, 1996, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for reargument is granted, and upon reargument, it is

Ordered that the unpublished decision and order of this Court dated September 30, 1996, is recalled and vacated and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered October 5, 1994, which, upon the granting of the defendants' motion for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, the defendants' motion is denied, and a new trial is granted, with costs to abide the event.

At trial, the plaintiff adduced the following relevant evidence: On October 25, 1990, the plaintiff was taken to the defendant hospital for treatment after she injured her ankle. She

was seen by the defendant Dr. Gary Guerrino, an internist. Dr. Guerrino, after examining X rays of the ankle, diagnosed the injury as a bruise. Accordingly, he stitched a laceration on the ankle and sent the plaintiff home. The plaintiff continued to experience pain and, after consultation with her private physician, she obtained X rays of the ankle on the following Monday. It was determined that the plaintiff in fact had suffered a compound fracture of the ankle. She underwent surgery the following day and spent a total of approximately 28 days in the hospital after the wound developed an infection. Dr. Guerrino did not deny that the initial X rays that he examined in fact revealed the fracture. The plaintiff presented expert medical opinion evidence that the initial failure to diagnose her injury and properly treat it led to an exacerbation of her injuries and a prolonged hospital stay. Taking this evidence as true and according the plaintiff every favorable inference, it cannot be said that by no rational process could the jury have found in her favor (see, Vigilant Ins. Co. v Rippner Elec. Constr. Corp., 196 AD2d 494). Accordingly, the court erred in granting the defendants' motion for judgment as a matter of law. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.