■ Frank Iovine, Appellant-Respondent, v City of New York, Respondent-Appellant. [729 NYS2d 182] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County (Lisa, J.), dated January 26, 2000, as, upon a jury verdict finding the defendant 70% at fault in the happening of the accident and him 30% at fault, and finding that he sustained damages in the sums of only $50,000 for past pain and suffering, $0 for future pain and suffering, only $10,000 for future medical expenses, and $0 for future custodial care, is in his favor in the principal sums of $35,000 for past pain and suffering (70% of $50,000), and $7,000 for future medical expenses (70% of $10,000), and the defendant cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses only, unless within 30 days after service upon the defendant of a copy of this decision and order with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the sum of $50,000 to the sum of $100,000, for future pain and suffering from the sum of $0 to the sum of $250,000, future medical expenses from the sum of $10,000 to the sum of $30,000, and to the entry of an appropriate amended judgment accordingly awarding damages in the principal sums of $70,000 for past pain and suffering (70% of $100,000), $175,000 for future pain and suffering (70% of $250,000), and $21,000 for future medical expenses (70% of $30,000); in the event the defendant so stipulates, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

While the amount of damages to be awarded for personal injuries is primarily a question for the jury, an award may be set aside when it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Senko v Fonda,* 53 AD2d 638).

The jury awarded the 59-year-old plaintiff $50,000 for past pain and suffering and $0 for future pain and suffering for permanent hip injuries, which he sustained when he stepped into a hole in the sidewalk. The plaintiff required hip replacement surgery, after which he experienced complications including a fever and infection. He spent several weeks in the hospital and in a rehabilitation clinic. The plaintiff suffered from severe depression as result of his injuries, sustained a 3/4-inch length difference in his legs after surgery, and now requires a cane to walk. He will require an additional hip replacement in the future. The plaintiff, who formerly led an active life, is unable to engage in the same physical activities as before the accident.

The awards for past and future pain and suffering and future medical expenses were inadequate (*see, Wendell v Supermarkets Gen. Corp.,* 189 AD2d 1063; *Powell v New York City Tr. Auth.,* 186 AD2d 728). Considering the nature and extent of the injuries sustained, the permanence and extent of the pain caused by those injuries, the loss of enjoyment of life, and the need for further surgery, these jury awards deviated materially from what would be reasonable compensation to the extent indicated (*see,* CPLR § 5501 [c]; *Walsh v Kings Plaza Replacement Servs., supra; Gaetan v New York City Tr. Auth.,* 213 AD2d 510).

In the event that the defendant does not stipulate to increase the verdict as to damages to the extent indicated and a new trial is required, we note that the trial court erred in failing to give a missing witness charge with respect to the defendant's physician. That physician had examined the plaintiff at the defendant's request but did not testify at trial, even though he was available, under the defendant's control, and in a position to provide noncumulative evidence (*see, Savage v Shea Funeral Home,* 212 AD2d 875, 876; *Smith v Lebanon Val. Auto Racing,* 194 AD2d 946, 949). Thus, the plaintiff was entitled to a missing witness charge.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.