■ ETHEL BERNSTEIN et al., Appellants, v RED APPLE SUPERMARKETS, Respondent. [642 NYS2d 303] —Order, Supreme Court, New York County (Carol Huff, J.), entered January 31, 1995, which, after a jury trial, granted defendant's motion to set aside the verdict as to liability as against the weight of the evidence and ordered a new trial, unanimously reversed, on the facts, without costs, the motion denied with respect to the issue of liability, the jury's verdict thereon reinstated, and the motion granted only to the extent of setting aside the verdict as excessive and directing a new trial solely on the issue of damages, unless plaintiffs, within 20 days after service upon their attorney of a copy hereof, with notice of entry thereon, consent to the entry of a judgment reducing the amounts awarded to plaintiff Ethel Bernstein for past and future pain and suffering from $750,000 to $600,000 and from $1 million to $500,000, respectively, in which event the Clerk is directed to enter judgment in accordance with the verdict as so reduced.

Plaintiff Ethel Bernstein suffered serious personal injuries, including a torn left rotator cuff, when she tripped and fell in a supermarket after the heel of her shoe became entangled in a torn rubber mat. The case was submitted to the jury on two distinct theories of liability: first, common law negligence and

premises liability, including actual or constructive notice; and second, a negligent maintenance theory in accordance with the principles articulated in *Piacquadio v Recine Realty Corp.* (201 AD2d 338). The trial court provided the jury with a special verdict sheet clearly delineating the different theories of liability and the jury unanimously found defendant liable on a theory of common law negligence. Pursuant to the trial court's final charge, as well as the written instructions contained in the special verdict sheet, the jury did not reach the second theory of liability once it found for plaintiff upon a common law negligence theory.

The trial court granted defendant's motion to set aside the verdict, characterizing the defect involved here as being merely a "slight tear" for which the defendant "may not be cast in damages" and finding that plaintiff "had no idea what caused her to fall." As to the trial court's first observation, we noted in *Schectman v Lappin* (161 AD2d 118) that "[t]here is no longer any requirement that a defective condition * * * be of any certain size before it can give rise to liability * * * The question of whether or not a dangerous or defective condition exists depends on the peculiar facts and circumstances of each case and is a question of fact for the jury, and liability will result where the condition is found to be hazardous to pedestrians" (*supra,* at 121). The trial court's second observation is contrary to the testimony of the plaintiffs at trial that there was an approximately one foot long slit or tear in the carpeted floor mat at the entrance to the defendant's premises which caused the plaintiff Ethel Bernstein to trip, fall and to sustain serious personal injuries. "A verdict should be set aside [as against the weight of the evidence] only where it seems palpably wrong and it can be plainly seen that the preponderance is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence" (*Cornier v Spagna,* 101 AD2d 141, 149, citing *Kimberly-Clark Corp. v Power Auth.,* 35 AD2d 330, 335). Disputes as to the proof are for the "jury to resolve in assessing all of the evidence as well as the credibility of the witnesses" (*Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, 425, *lv denied* 70 NY2d 602). Here, the disputed factual issues and any inconsistencies between the plaintiffs' trial testimony and prior statements of the plaintiffs were placed before the jury and the jury's resolution of same is entitled to deference, where as here, it finds more than ample support in the record.

In setting aside the verdict, the trial court also relied on the decision of the Court of Appeals in *Piacquadio v Recine Realty*

*Corp.* (84 NY2d 967), which reversed the case apparently relied upon by the trial court in formulating its explanation of the second theory of liability to the jury. However, as the negligent maintenance principles were only charged to the jurors as an alternative theory of liability and, as, pursuant to the instructions of the trial court during its final charge and the special verdict sheet, the jury did not reach this alternative theory of liability once it found defendant liable under a theory of common law negligence, the Court of Appeals' decision in *Piacquadio* is of no consequence in the instant action. Accordingly, the motion to set aside the verdict should not have been granted on the issue of defendant's liability.

However, we find that the amounts awarded to plaintiff Ethel Bernstein for past and future pain and suffering deviate materially from what would be reasonable compensation (CPLR 5501 [c]) and should be reduced from $750,000 to $600,000 and from $1 million to $500,000, respectively. The $100,000 awarded to plaintiff Irwin Bernstein for loss of consortium constitutes reasonable compensation under the circumstances. Thus, defendant is entitled to a new trial solely on the question of damages awarded to Ethel Bernstein, unless plaintiffs stipulate to a reduction of the verdict to the above-indicated extent. Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.