■ PAULA MAHONEY, Individually and as a Parent and Guardian of CATHERINE MAHONEY, an Infant, Respondent, v NAMCO CYBERTAINMENT, INC., Appellant. [724 NYS2d 93] —Cardona, P. J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered April 18, 2000 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered May 26, 2000 in Albany County, which denied defendant's motion to set aside the verdict.

In April 1996, Catherine Mahoney (hereinafter the child), born in 1993, was injured when her head became trapped between an amusement ride and a change machine in an amusement kiosk located at Crossgates Mall in Albany County. The child's head was compressed numerous times as the ride cycled. After the child was set free, her head was swollen and red, she had broken blood vessels in her cheeks and developed two black eyes. The child was immediately taken to the hospital where she was given a physical examination and released. The child immediately began exhibiting abnormal behavioral changes and, when they did not subside, her pediatrician referred her to a psychologist and she began receiving treatment. In 1997, a pediatric neurologist prescribed headache and antidepressant medication. In May 1998, plaintiff, the child's mother, commenced this personal injury action individually and on behalf of the child, pleading negligence on the part of defendant, the corporation which owned, operated and maintained the amusement ride and change machine. Plaintiff alleged that the child sustained physical and psychological injuries as a result of the accident.

In the trial held in March 2000, plaintiff presented testimony that, prior to the accident, the child was outgoing, friendly and had regular sleeping and eating habits. Following the accident, however, her behavior changed markedly in that she had head-

aches on a regular basis, acted out, developed numerous fears and had trouble sleeping, including nightmares. Plaintiff's experts testified that, as a result of the accident, the child suffered from, *inter alia*, posttraumatic stress disorder and that the adverse effects thereof could be permanent. The jury returned a verdict in the amount of $100,000 for the child's past pain and suffering and $100,000 for her future pain and suffering over a period of 12 years. Thereafter, defendant moved, pursuant to CPLR 4404 (a), to set aside the verdict on the grounds that it was excessive, against the weight of the evidence and speculative. Defendant appeals from the denial of that motion and the judgment in favor of plaintiff.

Initially, defendant contends that Supreme Court's failure to give a missing witness charge as to the child, who was approximately six years old at the time of trial, was reversible error and, therefore, a new trial should be held on the issue of damages. A party is entitled to such a charge when the party establishes that "an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (*Jackson v County of Sullivan*, 232 AD2d 954, 955; *see, Leahy v Allen*, 221 AD2d 88, 92). Notably, since the charge conference herein took place off the record, we have very little information as to the arguments made for or against inclusion of the charge. We note, however, that plaintiff's counsel asserts that it was made known before trial that the child would not testify. In fact, in his opening remarks to the jury, plaintiff's counsel specifically stated that it was "very unlikely" that the child would testify at trial. Given that scenario, defendant was free to subpoena the child and call her as its own witness, subject to a ruling as to her competency to testify (*see*, Prince, Richardson on Evidence § 6-106, at 314-315 [Farrell 11th ed]). Based upon all these circumstances, we cannot conclude that Supreme Court abused its discretion in denying the charge.

In any event, assuming arguendo that Supreme Court erred in not giving the charge, we nevertheless conclude that the error was harmless and did not deprive defendant of a fair trial (*see, Dickerson v Woodbridge Constr. Group*, 274 AD2d 945). Notably, where a missing witness charge is to be given regarding an infant, it must also be coupled with a "tender years" instruction to "the jury to consider the infant's age and the circumstances surrounding the accident in determining whether or not [it] deemed it appropriate in this case to invoke the permissible inferences authorized in such a charge" (*Crosby v*

*Beaird*, 93 AD2d 852). Thus, the degree of any potential adverse inference drawn by the jury to such a charge could be lessened. While the First Department in *Wyman v Giarella & Son* (170 AD2d 229) appeared to find that the older child in that case could have conceivably provided relevant information as to damages, we see no indication that the same holds true in this case. It was undisputed that the child had no recollection of the specifics of the event that occurred when she was 2½ years old. Significantly, plaintiff's damages claim centered on personality changes that the child allegedly underwent following the accident. It appears that this child could not have provided any insight on this subject. Additionally, there was no real dispute at trial as to the child's symptoms, demeanor and school performance even though the experts disagreed as to their significance and causation. Given the fact that it is not clear from this record that the child would have provided noncumulative material testimony, we conclude that the absence of the missing witness charge is not reversible error.

Turning to defendant's contention that Supreme Court erred in not setting aside the jury verdict as to future damages as against the weight of the evidence, we are similarly unpersuaded. A verdict may be successfully challenged as against the weight of the evidence only when " 'the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). Here, evidence was introduced by plaintiff from more than one source that the child suffered from posttraumatic stress disorder, had memory and reading problems and would most likely suffer from fearfulness and anxiety for the rest of her life. There was no dispute that, while this child possesses a high IQ, she nevertheless was having some trouble learning to read and scored below average on a test measuring her "delayed recall index." While defendant's expert did not find the child's test results significant and opined that the child did not suffer from posttraumatic stress disorder as a result of the accident, in light of the other evidence it cannot be maintained that the evidence weighed so heavily in favor of defendant that a verdict awarding future damages could not be based on a fair interpretation of the evidence as a whole (*see, Lolik v Big V Supermarkets*, *supra*, at 746).

Finally, based upon our review of the record and giving due deference to the jury's interpretation of the evidence (*see, Britvan v Plaza At Latham*, 266 AD2d 799, 800), we cannot say

that the jury's awards to plaintiff for this child's past and future pain and suffering materially deviated from reasonable compensation (*see,* CPLR 5501 [c]; *Brewster v Prince Apts.,* 264 AD2d 611, 617, *lv denied* 94 NY2d 762, *lv dismissed* 94 NY2d 875; *Santalucia v County of Broome,* 228 AD2d 895, 897). Thus, we do not find that Supreme Court erred in refusing to reduce the awards.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, with costs.