■ Sang-Ho Lee, Respondent, v Michael Huang, Appellant, et al., Defendants. [738 NYS2d 371] —In an action to recover damages for personal injuries, the defendant Michael Huang appeals from a judgment of the Supreme Court, Queens County (Gavrin, J.), entered November 21, 2000, which, upon a jury verdict finding him 40% at fault and the defendants Family Golf Centers, Inc., and Golden Bear Golf Centers at Alley Pond 60% at fault in the happening of the accident, is in favor of the plaintiff and against him in the principal sum of $200,000, representing 40% of $500,000.

Ordered that the judgment is affirmed, with costs.

On December 14, 1997, at the premises of the defendants Family Golf Centers, Inc., and Golden Bear Golf Centers at Alley Pond (hereinafter collectively referred to as the Golf Centers) in Douglaston, Queens, the plaintiff was struck between the eyes by a golf club swung by the defendant Michael Huang (hereinafter the defendant), and fell on his back to the ground. The plaintiff sustained injuries to his back, neck, waist, face, and right knee. After a trial on the issue of liability, the jury found the defendant 40% at fault and Golf Centers 60% at fault in the happening of the accident. After the damages por-

tion of the trial, the jury awarded $100,000 to the plaintiff for past pain and suffering, $250,000 for future pain and suffering intended to provide compensation for 26.5 years, and $150,000 for future medical expenses. Golf Centers settled prior to judgment in the amount of $280,000. The Supreme Court entered judgment awarding the plaintiff damages in the principal sum of $200,000 representing the defendant's proportionate share of damages.

Contrary to the defendant's contention, the plaintiff's attorney did not make irrelevant and inflammatory comments in his summation, warranting a new trial (*see, Kasman v Flushing Hosp. & Med. Ctr.,* 224 AD2d 590; *Califano v City of New York,* 212 AD2d 146, 153-154).

In addition, the trial court properly permitted the plaintiff's treating physician to testify about his interpretation of X-ray films not admitted into evidence because he used the films and reports in his treatment of the plaintiff and in forming his diagnosis (*see, Pegg v Shahin,* 237 AD2d 271, 272). Nonetheless, the defendant's expert radiologist was properly precluded from testifying as to his interpretation of the X-ray films and his diagnosis of the plaintiff, as he never physically examined the plaintiff and therefore his diagnosis would have been based primarily on the films not admitted into evidence (*see, Nuzzo v Castellano,* 254 AD2d 265, 266).

The award of damages was not excessive, as it did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Orris v West,* 189 AD2d 866).

The defendant's remaining contentions are without merit. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.