■ JAMES C. DOUGLAS, JR., Appellant-Respondent, v KINGSTON INCOME PARTNERS '87 et al., Respondents-Appellants, and FERENS ELEVATOR COMPANY, Respondent. [770 NYS2d 153]—

Mugglin, J. Appeals (1) from two judgments of the Supreme Court (Spargo, J.), entered October 7, 2002 in Ulster County, upon a verdict rendered in favor of defendants, and (2) from an order of said court (Bradley, J.), entered February 11, 2002 in Ulster County, which, inter alia, partially denied certain defendants' motion for summary judgment seeking indemnification from defendant Ferens Elevator Company.

On May 7, 1999, plaintiff sustained severe personal injuries when he fell down an elevator shaft in a building owned by defendant Kingston Income Partners '87 and Kingston Warehouse Associates, Inc. (hereinafter collectively referred to as Kingston). The elevator had been maintained, pursuant to contract, by defendant Ferens Elevator Company from 1970 until March 1999, when the contract was orally terminated by Kingston. Following trial, the jury determined that neither Kingston nor Ferens was

liable for the injury sustained by plaintiff. Plaintiff appeals, alleging, among other things, that Supreme Court erred in refusing to incorporate in its charge to the jury several of plaintiff's requests, that it improperly limited the testimony of plaintiff's expert witness, and that plaintiff was denied a fair trial due to judicial bias. Additionally, Kingston appeals from the denial of its motion for summary judgment seeking indemnification from Ferens.

Plaintiff first argues that Supreme Court committed reversible error by refusing to charge res ipsa loquitur. While this doctrine is frequently invoked in elevator accident cases (*see Walden v Otis El. Co.*, 178 AD2d 878, 879 [1991], *lv denied* 79 NY2d 758 [1992]), its applicability depends on plaintiff's proof establishing that (1) the accident is of a type which does not normally occur in the absence of negligence, (2) the agency or instrumentality which precipitated the event was within the exclusive control of the defendant, and (3) the conduct of the plaintiff did not cause the accident (*see De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 937 [2003]; *Walden v Otis El. Co., supra* at 879).

Here, the freight elevator was originally equipped with an outer gate constructed with vertical wooden slats and an inner gate commonly referred to as a "scissors-type" gate. The outer gate was equipped with an interlock device that was designed to prevent it from being raised if the elevator cab was not at that floor. The inner gate, when closed, completed the electrical circuit allowing the elevator to move when the buttons were pushed. Sometime prior to the date of the accident, the inner gate had been removed and the electrical contacts wedged or taped to allow the cab to move.

The building which housed this elevator was used as a storage facility. Because this building was scheduled to be demolished, plaintiff, his coworkers and others were removing its contents. Plaintiff admittedly used the elevator at least 100 times prior to the accident, including 10 times that morning. Upon returning from lunch, plaintiff parked at the loading dock, raised the outer gate and stepped in, intending to switch on the light inside the elevator cab. Unfortunately, the cab was at the third floor and plaintiff was severely injured when he fell to the bottom of the shaft. Faced with evidence that multiple persons used the elevator, plaintiff urges that the instrumentality in the exclusive control of the defendants was the interlock device and that it failed because it was either not maintained or that it was negligently maintained. The record reveals that this device is visible from inside the elevator cab and, as can be done with the electrical connections, it can be wedged open, thus disabling the

mechanism that prevents the gate from being raised when the cab is not present.

On this record, we conclude that Supreme Court correctly declined to charge res ipsa loquitur as plaintiff has failed to establish either of the first two prongs of the test. It is at least as likely that this accident happened as a result of intentional conduct, not negligence. Moreover, plaintiff, his coworkers or any other user of the elevator could access the interlock device from inside the elevator. "The second prong of the test requires 'that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it.' In other words, the likelihood of other causes 'must be so reduced that the greater probability lies at defendant's door' " (*De Sanctis v Montgomery El. Co., supra* at 937 [citations omitted]). On this record, we conclude that the probability is that the accident happened not as a result of any defendant's negligence, but as a result of someone intentionally disabling both gates.

Plaintiff next argues that Supreme Court's refusal to charge circumstantial evidence was improper. Before a circumstantial evidence charge is proper, the plaintiff's evidence must sufficiently establish a rational basis upon which a jury could logically infer that the defendant was negligent (*see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). This proof "must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*id.* at 744). "[C]ircumstantial evidence such as proof of the lack of due care as shown by prior accidents and maintenance requests can be sufficient to permit a case to go to the jury" (*Walden v Otis El. Co.*, 178 AD2d 878, 879 [1991], *supra*; *see Alsaydi v GSL Enters.*, 238 AD2d 533, 534 [1997]). Here, the refusal to give such charge was proper because of the absence of proof of any prior accidents or negligent maintenance of the elevator or the interlocking devices, coupled with the absence of a postaccident investigation (due to the demolition of the building) and because of the existence of the proof discussed with respect to the issue of res ipsa loquitur. In short, the evidence fails to reasonably exclude all possible explanations other than negligence (*see McCluskey v West Bradford Corp.*, 177 AD2d 744, 745 [1991], *lv denied* 80 NY2d 753 [1992]).

Plaintiff's next argument is that his expert was unduly restricted in his testimony. Plaintiff's expert did testify that it was his opinion that the accident occurred because of the fail-

ure of the arm on the interlock and that the arm would not have failed if properly maintained. He further testified as to what constituted proper maintenance. He was not permitted to give an opinion concerning the specifics of the failure of this particular elevator interlock. This witness, however, never had the opportunity to examine this interlock device. Therefore, his opinion as to the specific cause of failure would be conjectural and speculative and his testimony was appropriately excluded (*see Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727 [2002], *lv denied* 99 NY2d 504 [2002]; *Tashjian v Strong & Assoc.*, 225 AD2d 907, 910 [1996]).

Plaintiff's fourth argument is that, by reason of the refusal of Kingston's chief executive officer to obey a subpoena to testify, he was entitled to a missing witness charge. Plaintiff, however, failed to demonstrate that this witness could testify to any noncumulative information concerning a material issue in the case (*see Mahoney v NAMCO Cybertainment*, 282 AD2d 949, 950 [2001]). Consequently, Supreme Court properly denied this charge request.

Plaintiff's fifth and final argument is that he was denied a fair trial as a result of judicial bias. In the absence of a recusal request or an appropriate objection, the issue is not preserved for our review (*see People v Lebron*, 305 AD2d 799, 800 [2003]). In any event, we have carefully examined the record and find no evidence that Supreme Court failed to make " 'an objective determination based upon appropriate legal criteria' " at any time during the trial (*Matter of Aaron v Kavanagh*, 304 AD2d 890, 891 [2003], quoting *People v McCulloch*, 226 AD2d 848, 850 [1996], *lv denied* 88 NY2d 1070 [1996]).

As a final matter, Kingston's appeal from the denial of its summary judgment motion seeking indemnification from Ferens has been rendered academic by the jury verdict.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgments and order are affirmed, without costs.