**Belinda GLOVER and Manuel Palaguachi, Plaintiffs–Appellees,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant–Appellant.**

No. 05–1125CV(L).

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

Joel M. Gluck, Law Offices of Joel M. Gluck & Associates, Brooklyn, N.Y., for Plaintiff–Appellee Glover.

Douglas Herbert, Law Office of Douglas Herbert, Brooklyn, N.Y., for Plaintiff–Appellee Palaguachi.

Barbara DeCrow Goldberg, Mauro Goldberg & Lilling, LLP, Great Neck, N.Y., for Defendant–Appellant.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Costco Wholesale Corporation ("Costco") appeals from the January 25, 2005 and May 11, 2005 judgments of the United States District Court for the Eastern District of New York (Mann, *M.J.*) awarding a total present value of $79,163 to Plaintiff-appellee Manuel Palaguachi ("Palaguachi") and $1,145,240 to Plaintiff-appellee Belinda Glover ("Glover"), respectively. Palaguachi and Glover were awarded these damages for Costco's negligence arising from an accident in which soda bottles fell on Palaguachi and Glover. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

As a preliminary matter, we note that our jurisdiction is proper under 28 U.S.C. § 1332. We also note that Magistrate Mann appropriately presided over the trial, in accordance with 28 U.S.C. § 636(c)(1).

We hold that the lower court did not err by failing to reduce the plaintiffs' damages beyond the amount to which it remitted the jury's award. We review the lower court's decision to order a remittitur for abuse of discretion. *See Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1330 (2d Cir. 1990). A "court should remit the jury's award only to the maximum amount that would be upheld by the [ ] court as not excessive." *Id.* Indeed, when the lower court employs this standard, which is least intrusive to the jury's verdict, we are even less willing to find the court's use of remittitur an abuse of discretion. *Id.* at 1330 n. 8.

In determining whether the jury's damages award should be displaced, the lower court properly considered New York's statute, C.P.L.R. § 5501(c). According to this statute,

[i]n reviewing a money judgment in an action ... in which it is contended that

the award is excessive or inadequate and that a new trial should have been granted unless a stipulation is entered to a different award, the [court] shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation. N.Y. C.P.L.R. § 5501(c). To determine whether the awards "deviate[d] materially from what would be reasonable compensation," the lower court correctly reviewed the evidence presented at trial and compared it to other cases in which similar amounts were awarded. *Presley v. U.S. Postal Serv.*, 317 F.3d 167, 173 (2d Cir. 2003); N.Y. C.P.L.R. § 5501(c). Given the range of New York cases in which plaintiffs experienced similar injuries and were awarded similar damages, *see, e.g., Lee v. Huang*, 291 A.D.2d 549, 738 N.Y.S.2d 371, 372 (2002) (awarding plaintiff $100,000 for past pain and suffering for injuries resulting from being struck between the eyes by a golf club); *Mahoney v. Namco Cybertainment Inc.*, 282 A.D.2d 949, 724 N.Y.S.2d 93, 94–97 (3d 2001) (awarding $100,000 for past pain and suffering when a child suffered two black eyes, a red and swollen head, and broken blood vessels from having her head trapped in an amusement-park ride); *Bernstein v. Red Apple Supermarkets*, 227 A.D.2d 264, 642 N.Y.S.2d 303, 304–05 (1st 1996) (upholding the trial court's reduction of a jury's award to $600,000 for past pain and suffering and $500,000 for future pain and suffering for a torn rotator cuff), we find that the lower court did not abuse its discretion in according like relief. Therefore, its damages award stands in all respects.

Costco also challenges the lower court's issuance of an adverse-inference jury instruction, and we hold that this too was not an abuse of discretion. "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir.2002). Moreover, where the breach of a discovery obligation is the non-production of evidence, a court has broad discretion to determine the appropriate sanction, which may include giving an adverse-inference instruction. *Id.* at 107. We review the issuance of this instruction for abuse of discretion. *Id.*

To warrant an adverse-inference instruction for the destruction of evidence, a court must find "(1) that the party having control over the evidence had an obligation to preserve it at a time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense." *Id.* A party's "obligation to preserve" evidence, in accordance with prong one,

arises when the party has notice that the evidence is relevant to litigation—most commonly when suit has already been filed, providing the party responsible for the destruction with express notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation.

*Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998). Prong two's 'culpable state of mind' requirement is satisfied by a showing that the evidence was destroyed either knowingly or negligently. *Residential Funding Corp.*, 306 F.3d at 108. Finally, to satisfy the relevancy requirement of prong three, a party seeking the adverse-inference instruction must adduce sufficient evidence for a trier of fact to infer that the destroyed evidence was of the nature alleged by the party. *Id.* at 109.

We hold that the lower court did not abuse its discretion by finding this three-prong test satisfied. First, Costco un-

doubtedly had an obligation to preserve the "steel walk" log which detailed the safety status of the steel frame and pallets directly at issue in the litigation. Second, Costco acted at least negligently in failing to maintain this record which it should have known would likely be central to plaintiffs' case and its own defense. Finally, the "steel walk" log was clearly relevant because, as Costco's employee testified, it contained daily and detailed records of safety issues with the steel frame and pallets which were the subject of the litigation. Thus, the lower court did not abuse its discretion by issuing the adverse-inference jury charge.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.