■ WILLIAM GONZALEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [815 NYS2d 53]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered August 25, 2004, dismissing the complaint and bringing up for review an order of the same court and Justice, entered December 26, 2000, which denied plaintiff's motion for an extension of time to serve the summons and complaint, and granted the municipal defendant's cross motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was admitted to defendant hospital for a fractured ankle and femur on January 29, 1998. His stay lasted two weeks, during which surgery was performed twice, the second time to insert a plate into his femur. He alleges that subsequently, after a number of regular follow-up visits to the hospital, complications developed in the femur which he complained of and the physicians ignored until September or October 1998, when he underwent a third surgery due to the infection of the femur. The plate and a portion of the femur were removed, and plaintiff was allegedly bedridden for approximately a year after the hospital discharged him.

Plaintiff was granted leave to file a late notice of claim against the municipal defendant on June 14, 1999, filed the notice of claim one month later, filed a summons and complaint in the County Clerk's office on July 26, and testified at a General Municipal Law § 50-h hearing on October 1. On August 28, 2000, he moved in the interest of justice for a CPLR 306-b order to extend the time to serve defendants with the summons and

complaint, which he admittedly did not do within 120 days after filing. The municipal defendant opposed and moved to dismiss the complaint as untimely, since plaintiff had failed to serve the summons and complaint for more than 13 months after filing and, in any event, the applicable statute of limitations (one year and 90 days) had expired on April 29, 1999.

Plaintiff's reliance upon the continuous treatment doctrine, which he asserts for the first time on this appeal, is misplaced. The issue, never asserted in the motion court, is unpreserved and does not pose a pure question of law "which appeared upon the face of the record and which could not have been avoided . . . if brought to [the opposing party's] attention at the proper juncture" (*Matter of Knickerbocker Field Club v Site Selection Bd. of City of N.Y.*, 41 AD2d 539, 540 [1973], quoted in *Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). Although plaintiff's notice of claim and his testimony at the section 50-h hearing included allegations that treatment for his injuries at defendant hospital continued from January 29 through October 10, 1998, they are the only record evidence; no hospital records were submitted on this issue. Plaintiff's section 50-h hearing testimony raised questions regarding the extent of the treatment period, the entities and individuals who provided the alleged treatment during that period, and their relationship to defendants, if any. However, defendants never had the opportunity to offer evidence on the issue, since plaintiff never asserted this theory in the motion court, even though the municipal defendant's dismissal motion expressly relied upon January 29, 1998 as the date plaintiff's claim accrued. The record is thus insufficient to pose the continuous treatment issue as a pure question of law (*see Ganess v City of New York*, 85 NY2d 733 [1995]). The continuous treatment doctrine cannot be considered here, and the action was thus time-barred as of April 29, 1999 (*see* CPLR 201).

Given the foregoing, the motion court correctly found that CPLR 306-b, the provision for extension of time to serve the summons and complaint, was inapplicable here. The action was already time-barred when the summons and complaint were filed; hence, the filing was a nullity, the action never was commenced, and there was no service period to extend. Concur—Mazzarelli, J.P., Friedman, Sullivan and Williams, JJ.