**Beverly CORTES, Plaintiff,**

v.

**PETER PAN BUS LINES, INC., Defendant.**

**No. 3:05CV1863(WIG).**

United States District Court, D. Connecticut.

Oct. 10, 2006.

Craig A. Fontaine, David R. Gronbach, Cramer, Alissi & Fontaine PC, Hartford, CT, for Plaintiff.

Melissa M. Rich, Robert B. McLaughlin, D'Attelo, Shields & Labella, Rocky Hill, CT, for Defendant.

## RULINGS ON MOTIONS IN LIMINE
### [DOC. ## 39 & 41]

GARFINKEL, United States Magistrate Judge.

Pending before the Court are two related motions: Defendant's Motion in Limine [Doc. # 39] to preclude Plaintiff from introducing evidence of Defendant's alleged spoliation of evidence, and Plaintiff's Motion in Limine [Doc. # 41] for an adverse inference charge relating to Defendant's spoliation of evidence.

These motions concern an accident report prepared by bus driver Eddie Williams at the end of his shift, during which Plaintiff fell while trying to re-board the bus after a rest stop. Williams testified in his deposition that when he returned to the bus terminal at approximately 2:00 a.m. on May 9, 2004, he prepared a hand-written driver incident report concerning Plaintiff's fall and deposited his report in the safe, as he was required to do, since no one else was present to accept this report or his other paperwork.

In December 2005, Plaintiff filed this lawsuit. Discovery requests were not propounded until February 2006.

Prior thereto, in late January 2006, Dan Martin, the dispatcher, told Williams that a lady, who fell on his bus during a trip to Atlantic City, was suing Peter Pan. He advised Williams that his original incident report had been misplaced and asked him to prepare a new report concerning the incident "as best [he] could remember." Williams does not remember exactly what he wrote in his original report, and he did not keep a copy. Williams dictated a new report to his wife, who hand wrote a new incident report. He gave this new report to Martin, who then gave it to Joe Caspino, the person responsible for keeping the incident reports.

In the new report, Williams stated that when Plaintiff attempted to re-board the bus after a rest stop, she had her hands full and fell because she did not use the handrail. This statement is consistent with Williams' deposition testimony given in March 2006, but inconsistent with Plaintiff's testimony and that of an eye witness, both given in March 2006, that Plaintiff did not have anything in her hands when she fell.

### Discussion

■ In this diversity action, federal law governs the imposition of spoliation sanctions, such as the request for an adverse inference instruction. *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 2967, 165 L.Ed.2d 950 (2006); *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir.2003) ("Evidentiary 'presumptions' which merely permit an adverse inference based on unproduced evidence are ... controlled by federal law."); *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 449 (4th Cir.2004) ("The imposition of a sanction (e.g., an adverse inference) for spoliation of evidence is an inherent power of federal courts.").

■ The trial court enjoys broad discretion in determining the appropriate sanction for the non-production of documents, which may include giving an adverse inference charge. *Glover v. Costco Wholesale Corp.*, 153 Fed.Appx. 774, 775 (2d Cir. 2005). To warrant an adverse inference instruction for spoliation or non-production of evidence, a party must show that (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind;"

and (3) that the destroyed evidence was "relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 108 (2d Cir.2002) (quoting *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107–12 (2d Cir. 2001)).

■ As to the first element, a party is under an obligation to preserve the evidence when the party "has notice that the evidence is relevant to litigation" or when it "should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir.2001). The second "culpable state of mind" element is satisfied if the evidence was destroyed "knowingly, even if without intent to [breach a duty to preserve it], or negligently." *Residential Funding*, 306 F.3d at 108 (quoting *Byrnie*, 243 F.3d at 109) (holding that district court erred in only considering gross negligence and bad faith as basis for giving adverse inference instruction). As to the third element, "relevant" evidence for spoliation purposes means that "the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer" that "the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction." *Id.* at 109. An adverse inference charge may be appropriate not because of any finding of moral culpability on the part of the destroyer of the evidence, but because the risk that the evidence would have been detrimental, rather than favorable, should fall on the party responsible for its loss. *Id.* at 108.

■ The record does not reveal when the original incident report was lost or misplaced. However, once Williams prepared an incident report concerning a fall on his bus, the bus company should have preserved his report for a reasonable period of time, even though it may not have been on notice of a lawsuit or personal injury claim. Thus, the Court finds the first element is met.

■ As to the culpable state of mind element, there is no evidence that the report was actually destroyed. But, the fact that it cannot now be located establishes that the bus company was at least negligent in failing to maintain the driver's incident report concerning the incident, which it knew or reasonably should have known could lead to a lawsuit or claim.

■ As to the third element, although the report was clearly relevant to this lawsuit, there is nothing that leads the Court to conclude that the report would have been favorable to the Plaintiff's claim. The only evidence that Plaintiff has adduced suggesting that the original incident report would be unfavorable to Defendant is the non-production itself. While the deliberate destruction of the report or even gross negligence on the part of the bus company in failing to maintain or produce the report might be sufficient to support an inference that the report was favorable to Plaintiff, the bus company's mere negligence in not being able to locate the report does not lead to such an inference. *See Residential Funding*, 306 F.3d at 109.

### Conclusion

■ Thus, based on the evidence currently before the Court, the Court grants Defendant's Motion in Limine [Doc. # 39] and denies Plaintiff's Motion in Limine [Doc. # 41] without prejudice to renewal if additional evidence is adduced at trial to warrant an inference that the original report would have been favorable to Plaintiff's claim. While the Court will not prohibit Plaintiff from introducing evidence

that the original report is missing or has not been produced, the Court will prohibit counsel from mentioning to the jury that an adverse inference can be drawn from the fact that the report is missing.

SO ORDERED, this *10th* day of October, 2006, at Bridgeport, Connecticut.