THE EDUCATION RESOURCES INSTITUTE, INC., Respondent, v FREDERICK HAWKINS, Appellant. [931 NYS2d 11]—

Defendant failed to establish prima facie that this action alleging breach of a student loan agreement is barred by the applicable six-year statute of limitations (CPLR 213 [2]; *see Benn v Benn*, 82 AD3d 548 [2011]). The action was commenced in July 2009. The complaint alleges that defendant defaulted on the loan when he failed to make an installment payment on May 7, 2006. Defendant offered no evidence to support a finding that the limitations period began to run in 2003.

Plaintiff's concession that it mistakenly opposed defendant's motion on the ground that the statute of limitations was preempted by federal law does not preclude review of its new argument that the allegations in the complaint demonstrate that the action is not time-barred. The statute of limitations issue is one of law, which may be determined from the face of the complaint and from defendant's admission that he made payments on the loan through approximately October 2004 (*see Gonzalez v New York City Health & Hosps. Corp.*, 29 AD3d 369, 370 [2006]). In any event, defendant's admissions would toll the statute of limitations (*see Banco do Brasil v State of Antigua & Barbuda*, 268 AD2d 75 [2000]). Defendant conceded in his reply papers that he had drafted, signed and sent a letter, dated March 6, 2006, to plaintiff's counsel acknowledging the balance due on the loan and unequivocally expressing an intent to pay it.

Plaintiff's second cause of action alleges that defendant owes "the sum of $.00 [*sic*], representing late charges due." While the insufficiency of a request for relief need not be fatal to a cause of action, this cause of action should be dismissed because the complaint alleges no facts to support plaintiff's claimed entitlement to late charges, and plaintiff offered no factual support in opposition to defendant's motion (*see generally Gro-Up Frocks v Manners*, 55 AD2d 531 [1976]). Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.