*567 Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 20, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
In 1994, plaintiff law firm commenced an action (the prior action) against its former client, Fischbach Corporation (the predecessor-in-interest to defendant Fischbach LLC), to recover fees for services rendered between 1986 and 1991. Nothing happened in the prior action between March 1995 and June 2011, when plaintiff sought to resume activity. In response, defendant moved to dismiss pursuant to, inter alia, CPLR 3216. By order entered December 12, 2011, the court (Eileen A. Rakower, J.) denied the motion because defendant had failed to serve the required 90-day notice.
In 1995, plaintiff — a partnership — changed its structure to a professional corporation, and assigned its claims against Fischbach to Weisman Celler Spett & Modlin, EC. (the EC.). In March 2012, plaintiff moved, inter alia, to substitute the EC. for itself in the prior action. By order entered May 8, 2012, the court (Rakower, J.) denied the motion and dismissed the action because plaintiff had failed to moved to substitute within a reasonable time. In the order, the court noted that, “from in or around January 1995 until [the] summer of 2011, no actions were taken by either party to conduct discovery or otherwise advance the litigation.”
On May 16, 2012, plaintiff and the EC. entered into an agreement declaring the 1995 assignment null and void ab initio and assigning the claim against Fischbach back to plaintiff. On May 23, 2012, plaintiff commenced the instant action, again seeking fees for services rendered between 1986 and 1991. After answering, defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it was time-barred.
The court correctly granted the motion. Contrary to plaintiff’s claim, CPLR 205 (a) does not save the instant action, because the prior action was dismissed for neglect to prosecute (see e.g. Rumola v Maimonides Med. Ctr., 88 AD3d 781 [2d Dept 2011]). Plaintiff contends that Rumola is distinguishable because the prior action in that case was dismissed “with prejudice” (88 AD3d at 781). However, whether the prior action was dismissed with prejudice has no bearing on whether it was dismissed for neglect to prosecute.
Nor does the fact that the court denied defendant’s CPLR *568 3216 motion in December 2011 preclude the May 2012 dismissal from being for neglect to prosecute, since “the ‘neglect to prosecute’ exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for ‘[w]ant of prosecution’ pursuant, to CPLR 3216, but whenever neglect to prosecute is in fact the basis for dismissal” (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 520 [2005]; see e.g. Quintana v Wallace, 15 Misc 3d 1139[A], 2007 NY Slip Op 51039[U], *2-3 [Sup Ct, Nassau County 2007]).
In light of the foregoing, we need not reach plaintiffs argument that it has capacity to sue under Partnership Law § 61 because, 17 years after its dissolution, it is still winding up its affairs by pursuing its claim against defendant. Concur — Mazzarelli, J.P, Acosta, Moskowitz, Manzanet-Daniels and Gische, JJ.