■ HERMAN KNOX, Appellant, v ST. LUKE'S HOSPITAL et al., Respondents. [32 NYS3d 488]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered February 19, 2015, which granted the motion of defendant Ronald Dreifuss, M.D. and the cross motion of defendant hospital to dismiss the complaint as time-barred, unanimously affirmed, without costs.

Plaintiff acknowledges that the catheter cuff, which was inserted into his chest to facilitate hemodialysis, was a fixation device, but argues that when it was inadvertently left in his chest after the catheter tube was removed, it became a "foreign object" (CPLR 214-a). Plaintiff's contention that the foreign-object toll applies is raised for the first time on appeal, and therefore is unpreserved for appellate review (see Gonzalez v New York City Health & Hosps. Corp., 29 AD3d 369, 370 [1st Dept 2006]). In any event, the argument is unavailing because only objects temporarily used in the course of surgery qualify as foreign objects (see LaBarbera v New York Eye & Ear Infirmary, 91 NY2d 207, 212 [1998]). "A fixation device cannot be transformed into a foreign object merely because the continued presence of the fixation device is inadvertent" (Newman v Keuhnelian, 248 AD2d 258, 260 [1st Dept 1998], lv denied 92 NY2d 804 [1998]; see Walton v Strong Mem. Hosp., 25 NY3d 554 [2015]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.