Duval v Centerlight Health Sys., Inc. (2020 NY Slip Op 07668)





Duval v Centerlight Health Sys., Inc.


2020 NY Slip Op 07668


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gische, Kern, Oing, Moulton, JJ. 


Index No. 24017/18E Appeal No. 12672 [M-3432] Case No. 2019-1644 

[*1]Geraldine Duval as Administratrix of the Estate of Geralde Duval, Plaintiff-Appellant,
v
Centerlight Health Systems, Inc., et al., Defendants-Respondents.


Rosenbaum & Rosenbaum, P.C., New York (Matthew T. Gammons of counsel), for appellant.
Sheeley LLP, New York (Jon D. Lichtenstein of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered January 31, 2019, which granted defendants' motions pursuant to CPLR 3211(a)(5), and dismissed the complaint, unanimously affirmed, without costs.
Plaintiff's action was correctly dismissed as untimely. Her prior action was dismissed for neglect to prosecute, so she cannot avail herself of the six-month period in CPLR 205(a) (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 520 [2005]; Weisman, Celler, Spett & Modlin v Fischbach LLC, 111 AD3d 566 [1st Dept 2013]). That the prior action was not dismissed with prejudice has no bearing on the fact that it was a neglect to prosecute dismissal (id.).
Plaintiff's argument that the first dismissal order was wrongly decided because her failure to appoint an administrator was not willful or contumacious was not made below and will thus not be entertained here (see Knox v St. Luke's Hosp., 140 AD3d 501 [1st Dept 2016]). In any event, it cannot be said that the court in the first action improvidently exercised its discretion in dismissing it, where plaintiff delayed in obtaining letters testamentary for a period of years in contravention of four orders and so-ordered stipulations (see e.g. Coaxum v Nor-Topia Serv. Sta., Inc., 101 AD3d 485 [1st Dept 2012]). Furthermore, rather than appealing or moving to restore the prior dismissal, plaintiff chose to pursue a new cause of action (see Iacono v Japan Line, 89 AD2d 948 [1st Dept 1982], appeal dismissed 58 NY 1112 [1983]). Having chartered her own course, plaintiff should now be allowed to suffer its consequence.
M-3432- Motion of defendants to, inter alia, strike the reply brief, denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020