Deutsche Bank Natl. Trust Co. v Cruz (2022 NY Slip Op 00246)





Deutsche Bank Natl. Trust Co. v Cruz


2022 NY Slip Op 00246


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 380839/08 Appeal No. 15054-15055 Case No. 2021-00323 2021-00325 2021-00326 

[*1]Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
Carmen Cruz, Defendant-Appellant, Norberto Oliveras Also Known as Norbert Olivera et al., Defendants. 


Gail M. Blasie, PC, Garden City (Gail M. Blasie of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York (David Gantz of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about March 7, 2019, which, to the extent appealed from, granted defendant Carmen Cruz's motion to dismiss the complaint as against her for lack of personal jurisdiction to the extent of granting plaintiff leave to "re-commence a new action," unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 21, 2018, and order, same court (Howard Sherman, J.), entered on or about April 5, 2016, which, to the extent appealed from as limited by the briefs, denied Cruz's motions to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.
The motion court correctly declined to address Cruz's jurisdictional argument, because defendant Norberto Oliveras's death approximately three years after this mortgage foreclosure action was commenced had automatically divested it of jurisdiction, and no substitution had been made (see Noriega v Presbyterian Hosp. in City of N.Y., 305 AD2d 220, 221 [1st Dept 2003]).
Contrary to Cruz's contention, the court properly dismissed the complaint with leave to commence a new action; the applicability of CPLR 205(a) to the new action is to be determined in that action. The language "leave . . . to re-commence a new action" has no bearing on whether this action was dismissed for neglect to prosecute (cf. Weisman, Celler, Spett & Modlin v Fischbach LLC, 111 AD3d 566, 567 [1st Dept 2013] ["whether the prior action was dismissed with prejudice has no bearing on whether it was dismissed for neglect to prosecute"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022