Cabrera-Perez v Promesa Hous. Dev. Fund Corp. (2024 NY Slip Op 01338)

Cabrera-Perez v Promesa Hous. Dev. Fund Corp.

2024 NY Slip Op 01338

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 28384/16 Appeal No. 1854-1855 Case No. 2022-01681 2022-02137 

[*1]Antonio Francisco Cabrera-Perez, Plaintiff-Appellant,
v
The Promesa Housing Development Fund Corporation and Acacia Network, Inc, Defendant-Respondent. 

Joshua Annenberg, New York, for appellant.
Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for respondents.

Judgment, Supreme Court, Bronx County (Adrian N. Armstrong, J.), entered May 12, 2022, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about March 2, 2022, which granted defendants' motion for summary judgment and denied plaintiff's cross-motion for partial summary judgment on liability or, in the alternative, preclusion of evidence or a negative inference charge, unanimously modified, on the law, the judgment vacated, the complaint reinstated, defendants' motion for summary judgment denied, plaintiff's cross-motion granted to the extent that it sought a negative inference charge, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff was the victim of a home invasion of his apartment in a building owned and operated by defendants. The incident began when someone knocked on plaintiff's apartment door and asked by name for his niece, who also lived in the apartment. When plaintiff looked through the peephole, he thought he saw a young woman, but the peephole was blurry, as it had been since plaintiff had moved in three or four years earlier. Plaintiff also testified that the chain guard on the door did not function properly. When plaintiff opened the door slightly, the young woman and a man he had not seen through the peephole pushed their way into the apartment and pistol whipped him. After demanding $5,000 that had purportedly been sent to plaintiff's niece, the two assailants assaulted plaintiff for an extended period and looted the apartment before leaving.
Defendants failed to establish their entitlement to summary judgment dismissing the complaint, as evidence that an attack was targeted toward a particular person does not sever the proximate cause link as a matter of law in cases alleging negligent security (see Scurry v New York City Hous. Auth, 39 NY3d 443, 453-455 [2023]). In light of the record evidence that the building's locks were malfunctioning, and that plaintiff's apartment peephole and chain lock were defective, proximate cause is for the factfinder to decide (see id. at 454).
Defendants failed to preserve their argument that the security measures they provided exceeded the minimal measures required to fulfill their duty to the residents. The sole basis for their motion was the allegedly targeted nature of the attack, not the condition of their property or whether they had notice of that condition (see Bingham v New York City Tr. Auth., 99 NY2d 355, 359 [2003]; Knox v St. Luke's Hosp., 140 AD3d 501, 501 [1st Dept 2016]). In any event, the argument is unpersuasive, as functioning door locks are an example of the most rudimentary security that a landlord can afford a tenant, and documentary evidence confirms problems with both building entrance doors in the weeks before the attack (see Jacqueline S. v City of New York, 81 NY2d 288, 295 [1993]). Furthermore, defendants offered [*2]no evidence to rebut the opinion of plaintiff's expert that the building and the neighborhood surrounding it were high-crime areas with a history of similar violent occurrences.
As to plaintiff's cross-motion, he is entitled to a negative inference charge as a result of defendants' spoliation of the building's surveillance footage (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 41, 46 [1st Dept 2012]; Arbor Realty Funding, LLC v Herrick, Feinstein LLP, 140 AD3d 607, 610 [1st Dept 2016]). That defendants provided a copy of the video to the New York City Police Department (which also apparently did not retain all the footage) in response to a subpoena did not obviate defendants' responsibility to preserve the evidence under the circumstances presented here. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024