Chappelear v Lubliner

2026 NY Slip Op 50554(U)

April 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Evidence—Business Records--Uncertified Medical Records and Unsworn Medical Reports

Jennifer Chappelear, Plaintiff-Appellant,

v

Jerry A. Lubliner, M.D., Fiona Connolly, D.P.M., Steven C. Sheskier, M.D., Defendants-Respondents.

Supreme Court, Appellate Term, First Department

Decided on April 20, 2026

570179/18

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Shahabuddeen A. Ally, J.), dated April 29, 2022, which, upon granting defendants' motion for a directed verdict, dismissed the complaint.

[*1]

Per Curiam.

Order (Shahabuddeen A. Ally, J.), dated April 29, 2022, affirmed, with $10 costs.

Plaintiff commenced this medical malpractice action against defendants, two orthopedic surgeons and a podiatrist, alleging that they each failed to diagnose a fracture of the sesamoid bone in her left foot in 1998. Each defendant, instead, separately concluded that plaintiff had a toe deformity and an anatomic anomaly where the sesamoid bone exists in two pieces.

Defendants' motion for a directed verdict was properly granted, since by no rational process could the jury have found in plaintiff's favor (see Storniolo v Bauer, 176 AD2d 550 [1991], app denied 79 NY2d 752 [1992]; see also Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). The medical testimony adduced at trial, including that of plaintiff's own expert, failed to establish either that defendants' treatment of plaintiff deviated from accepted medical practice or that any such departure on the part of defendants was a substantial factor in causing plaintiff's injury (Corsack v Brody, 255 AD2d 222 [1998]; see also Cruz v St. Luke-Roosevelt Hosp. Ctr., 280 AD2d 317, 317 [2001]). Indeed, plaintiff not only failed to prove that she had a fracture when she saw defendants, but also failed to show that defendants should have diagnosed it under the standard of care in 1998, and that her treatment should have been different than what defendants provided.

The trial court properly declined to admit plaintiff's uncertified medical records and unsworn medical reports into evidence (CPLR 4518 [c]; CPLR 2106; Sherrod v Mount Sinai St. [*2]Luke's, 204 AD3d 1053, 1057 [2022]; Abbas v Cole, 7 AD3d 649 [2004]) and plaintiff's expert could not testify as to a Power Point presentation based on medical records which were inadmissible at trial (see Astrel v Yarborough, 31 AD3d 356 [2006]; Sang-Ho Lee v Huang 291 AD2d 549, 550 [2002]).

Plaintiff's remaining contentions are either unpreserved for appellate review (see Knox v St. Luke's Hosp., 140 AD3d 501 [2016]) or without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concurI concurI concur

Decision Date: April 20, 2026