(June 28, 2016)

■ Arbor Realty Funding, LLC, Appellant, v Herrick, Feinstein LLP, Respondent. [36 NYS3d 2]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 17, 2015, which, to the extent appealed from as limited by the briefs, granted defendant's motion for leave to renew its motion for spoliation sanctions, and upon renewal, dismissed the complaint, and denied plaintiff's cross motion for

attorneys' fees and costs, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of, upon renewal, adhering to the court's original determination awarding defendant an adverse inference charge at trial as to the spoliated evidence, awarding monetary discovery sanctions in the amount of $10,000, and otherwise affirmed, without costs.

In this action, plaintiff Arbor Realty Funding, LLC (Arbor) seeks damages for legal malpractice from defendant Herrick, Feinstein LLP (Herrick) in connection with Herrick's representation of Arbor in negotiating a high rise construction loan with a developer. The loan closed on May 8, 2007 and the developer defaulted on the loan in or about July 2008. Arbor contends, inter alia, that Herrick gave it faulty advice in 2007 in connection with zoning issues, the existence of which led to the revocation of building permits following a crane collapse at the site, and the borrower's default. Herrick argues, inter alia, that Arbor would have issued the loans regardless of any potential zoning issues and that Arbor later assigned the loans and/or failed to mitigate its damages.

The instant motion concerns Arbor's alleged spoliation of evidence. It is undisputed that Arbor's obligation to preserve evidence arose at least as early as June 2008, when Arbor retained counsel in connection with its claims against Herrick. However, Arbor did not issue a formal litigation hold until May 2010. As a consequence, Arbor's internal electronic record destruction policies, including recycling of backup tapes, deletion of employees' emails stored in their inboxes or sent items folders for 189 days, and erasure of employee hard drives and email accounts upon the employee's departure from the firm, were not suspended until May 2010. In addition, Arbor's CEO deleted his emails on a regular basis between June 2007 and June 2010, with the result that only one of his emails from the relevant period was produced. Arbor produced no emails from the relevant period from its Executive Vice President of Structured Finance, who was involved in the transaction.

Arbor commenced this action in 2011. In or about June 2014, Herrick filed a motion seeking dismissal of the complaint as a sanction for Arbor's failure to preserve evidence, including the electronic records of six key witnesses. The court found that Arbor's failure to preserve evidence constituted ordinary negligence, and granted Herrick's motion only to the extent of directing that Herrick be entitled to an adverse inference at trial, citing PJI 1:77. Arbor did not appeal that order. Approximately six weeks later, Arbor produced to Herrick the

minutes from a May 10, 2007 structured loan committee meeting, which identified eight additional Arbor employees who were involved in the loan transaction. Arbor claims that its failure to produce the minutes earlier was inadvertent. In or about January 2015, Herrick moved to renew its spoliation motion, based on the new information in the minutes, including the identification of additional witnesses, much of whose electronic records had been destroyed by Arbor, either due to its failure to timely institute a litigation hold, or deliberately, and Arbor cross moved for sanctions.

Although the motion court properly granted renewal based on the new facts presented in defendant's renewal motion (*see Eshaghian v Roshanzamir*, 127 AD3d 448 [1st Dept 2015]), the court improvidently exercised its discretion in, upon renewal, dismissing the complaint as a spoliation sanction. As this court has previously stated, "Failures which support a finding of gross negligence, when the duty to preserve electronic data has been triggered, include: (1) the failure to issue a written litigation hold . . . ; (2) the failure to identify all of the key players and to ensure that their electronic and other records are preserved; and (3) the failure to cease the deletion of e-mail" (*VOOM HD Holdings LLC v EchoStar Satellite L.L.C.*, 93 AD3d 33, 45 [1st Dept 2012]). Here, the motion court correctly determined that Arbor's destruction of evidence was, at a minimum, gross negligence, since Arbor failed to institute a formal litigation hold until approximately two years after even Arbor admits it had an obligation to do so. The minutes further reveal the extent to which Arbor failed to identify all of the key players in the loan transaction, and failed to preserve their electronic records. Where, as here, the spoliation is the result of the plaintiff's intentional destruction or gross negligence, the relevance of the evidence lost or destroyed is presumed (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015]; *VOOM HD Holdings LLC*, 93 AD3d at 45). Plaintiff failed to rebut this presumption. Accordingly, the motion court properly determined an appropriate sanction should be imposed on plaintiff. However, the sanction must reflect "an appropriate balancing under the circumstances," (*VOOM HD Holdings LLC*, 93 AD3d at 47). Generally, dismissal of the complaint is warranted only where the spoliated evidence constitutes "the sole means" by which the defendant can establish its defense (*Alleva v United Parcel Serv., Inc.*, 112 AD3d 543, 544 [1st Dept 2013]), or where the defense was otherwise "fatally compromised" (*Jackson v Whitson's Food*

Corp., 130 AD3d 461, 463 [1st Dept 2015]) or defendant is rendered "prejudicially bereft" of its ability to defend as a result of the spoliation (*Suazo v Linden Plaza Assoc., L.P.,* 102 AD3d 570, 571 [1st Dept 2013] [internal quotation marks omitted]). The record upon renewal does not support such a finding, given the massive document production and the key witnesses that are available to testify, including the eight additional persons identified in the minutes, on whom Herrick had not yet served interrogatories or deposition notices at the time it filed its renewal motion. Accordingly, an adverse inference charge is an appropriate sanction under the circumstances (*see id.; see also VOOM,* 93 AD3d at 46-47; *Ahroner v Israel Discount Bank of N.Y.,* 79 AD3d 481 [2010]), since it will permit the jury to: (1) find that the missing emails and other electronic records would not have supported Arbor's position, and would not have contradicted evidence offered by Herrick, and (2) draw the strongest inference against Arbor on the issues of whether Arbor would have made the loans regardless of any potential zoning issues, and the measure of Arbor's damages taking into account its assignment of the loans and/or failure to mitigate its damages (PJI 1:77). In addition, plaintiff shall be required to pay discovery sanctions of $10,000 to defendant Herrick, Feinstein, LLP for its failure to produce the loan committee meeting minutes until after the motion court had decided the initial spoliation motion (CPLR 3126). This court's modification of the motion court's order is without prejudice to Herrick seeking dismissal of the complaint or other spoliation sanctions in the future, should there be further revelations making such a motion appropriate.

Defendant's motion to renew was not frivolous and thus plaintiff is not entitled to attorneys' fees and costs incurred in opposing the motion (*see* 22 NYCRR 130-1.1). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.