■ FRANCES C. PETERS, Appellant, v GEORGE CHRISTY PETERS et al., Respondents. [45 NYS3d 406]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 7, 2015, which, to the extent appealed from, denied plaintiff's motion to strike defendants' answers pursuant to CPLR 3126 and for spoliation, unanimously affirmed, with costs.

The motion court providently exercised its discretion in denying the motion to strike defendants' answers (*see generally Estate of Mojica v Harlem Riv. Park Houses, Inc.*, 140 AD3d 579 [1st Dept 2016]). Plaintiff failed to show by clear and convincing evidence that defendants' alleged misstatements were particularly egregious and characterized by lies in furtherance of a scheme designed to conceal critical matters from the court (*cf. CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 321 [2014]).

Moreover, while defendants may have, at some point, had various trust-related and company-related documents in their possession, a spoliation finding is not appropriate as they are not the sole source of such information and documents, nor has plaintiff demonstrated that the destruction of any such documents, if that occurred, was grossly negligent or done as a will-

ful attempt to avoid discovery (*see Alleva v United Parcel Serv., Inc.*, 112 AD3d 543, 544 [1st Dept 2013]; *see also Arbor Realty Funding, LLC v Herrick, Feinstein LLP*, 140 AD3d 607, 609-610 [1st Dept 2016]). The documents may be sought from the trustee or other nonparties, including Sea Trade Maritime Corporation.

Plaintiff has also not shown that defendants repeatedly failed to respond to discovery demands and comply with court orders (*see Siegman v Rosen*, 270 AD2d 14, 15 [1st Dept 2000]). Defendants produced over 11,000 pages of documents, and provided affidavits of compliance indicating that, after a thorough search, they did not have any other documents in their possession, subject to their attorney's objections in defendants' response to plaintiff's demands. Although plaintiff may not be satisfied with this response, it does not evince noncompliance with court orders warranting the striking of defendants' answers. Concur—Andrias, J.P., Moskowitz, Webber and Kahn, JJ.