Siras Partners LLC v Activity Kuafu Hudson Yards LLC (2019 NY Slip Op 03303)





Siras Partners LLC v Activity Kuafu Hudson Yards LLC


2019 NY Slip Op 03303


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


650868/15 9157N 850216/15 9156

[*1] Siras Partners LLC, et al., Plaintiffs-Respondents,
v
Activity Kuafu Hudson Yards LLC, et al., Defendants-Appellants, Dai & Associates, P.C., et al., Defendants, Reedrock Kuafu Development Company LLC, et al., Nominal Defendants.
462-470 11th Avenue LLC, Plaintiff,
v
Bifrost Land LLC, et al., Defendants.


Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for appellant.
Cole Schotz P.C., New York (Leo V. Leyva of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered March 16, 2018, which granted plaintiffs Siras Partners LLC, Saif Sumaida and Ashwin Verma's motion for spoliation sanctions against defendants Activity Kuafu Hudson Yards LLC (Kuafu), Shang Dai, and Dennis Shan (collectively, defendants) to the extent of ordering an adverse inference for dispositive motions and at trial and for a stay of the related foreclosure action until further order of the court, unanimously affirmed, with costs.
The motion court providently exercised its discretion in granting plaintiffs an adverse inference as a spoliation sanction. Plaintiffs established that defendants possessed an obligation to preserve the evidence at the time of its destruction and that the evidence was destroyed with a "culpable state of mind," i.e., gross negligence, which raises the presumption of relevance (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks omitted]).
Plaintiffs served discovery requests, which explicitly included electronic communications regarding the parties' joint development project, upon defendants in May 2015. Shang Dai and Dennis Shan, principals of Kuafu, admitted that they used the social media application WeChat to discuss the project and failed to preserve those communications following the discovery requests. They assert that in separate incidents in May 2016 their phones were damaged and they replaced them with new phones. When they downloaded the application to the new phones, the chat histories were lost. Even assuming that Shang Dai and Dennis Shan did not intentionally destroy the WeChat messages, defendants' failure to preserve the discussions for more than a [*2]year and to take timely actions to recover the damaged phones and data constitutes gross negligence (see e.g. VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]; Arbor Realty Funding, LLC v Herrick, Feinstein LLP, 140 AD3d 607, 609 [1st Dept 2016]).
The court providently exercised its discretion in granting plaintiffs' motion for an injunction and staying the related foreclosure action commenced by defendant 462-470 11th Avenue LLC, an affiliate of the other defendants, until further order (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
Plaintiffs demonstrated a likelihood of success on the merits of their claims by submitting evidence showing that Kuafu's main role in the project was to locate equity financing and that it ceased pursuing that role in February 2015, that Kuafu took numerous steps to hinder the progress of the project by alerting the lender to "potential events of default" because Kuafu was not directly involved with negotiating certain material contracts, that Kuafu unilaterally filed for dissolution, and that Kuafu may have orchestrated the lack of funds and progress to ensure foreclosure by an entity related to defendants so as to cut plaintiffs out of this potentially lucrative project and retain all the profits itself (see Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 431 [1st Dept 2016] ["A likelihood of success on the merits may be sufficiently established even where the facts are in dispute and the evidence need not be conclusive"]). Plaintiffs also established that they will be irreparably harmed if 462-470 11th Avenue LLC proceeds with the foreclosure proceedings, which may or may not have been properly initiated, as they will no longer have the ability to develop their real property (see Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 220-221 [4th Dept 2009]). The equities weigh in favor of plaintiffs based on the harm that will result by permitting foreclosure of valuable real property
before this lawsuit is adjudicated on its merits (see id. at 223). Finally, on this record, Supreme Court properly denied an undertaking.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK