| |
|---|
| **Ambase Corp. v 111 W. 57th Sponsor LLC** |
| 2024 NY Slip Op 33186(U) |
| September 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652301/2016 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

AMBASE CORPORATION, 111 WEST 57TH MANAGER
FUNDING LLC,111 WEST 57TH INVESTMENT LLC, ON
BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF
OF 111 WEST 57TH PARTNERS LLC,111 WEST 57TH
MEZZ 1 LLC,

                                                    Plaintiffs,

                              - v -

111 WEST 57TH SPONSOR LLC,111 WEST 57TH
CONTROL LLC,111 WEST 57TH DEVELOPER LLC,
KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL
STERN, NED WHITE, 111 CONSTRUCTION MANAGER
LLC, PROPERTY MARKETS GROUP, INC., JDS
DEVELOPMENT LLC, JDS CONSTRUCTION GROUP,
LLC, PMG CONSTRUCTION GROUP LLC, MANAGER
MEMBER 111W57 LLC, LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, 111 WEST 57TH PARTNERS LLC (AS A
NOMINAL DEFENDANT), 111 WEST 57TH MEZZ 1 LLC,

                                                    Defendants.

-----------------------------------------------------------------------------------X

| INDEX NO. | 652301/2016 |
|---|---|
| MOTION DATE | 07/03/2024 |
| MOTION SEQ. NO. | 026 |

**INTERIM DECISION +
ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 026) 758, 759, 760, 761, 762, 763, 764, 765, 766, 767, 768, 769, 770, 771, 772, 773, 774, 775, 776, 777, 778, 779, 780, 781, 782, 785, 786, 787, 788, 789, 790, 791, 792, 793, 794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 809, 810, 811, 812, 813

were read on this motion to          COMPEL DISCOVERY                                    .

     Plaintiffs AmBase Corporation, 111 West 57th Manager Funding LLC, and 111 West

57th Investment LLC, on behalf of itself and derivatively on behalf of 111 West 57th Partners

LLC ("Partners") and 111 West 57th Mezz 1 LLC (collectively, "Plaintiffs") seek an Order

compelling Defendants 111 West 57th Sponsor LLC, 111 West 57th Control LLC, 111 West

57th Developer LLC ("Developer"), Kevin Maloney, Michael Stern, and JDS Construction

Group LLC ("JDS Construction") (collectively, "Sponsor Defendants") to produce certain "Act I" and "Act II" discovery, for a Negative Interference, and an award of attorney's fees.

As relevant here, Plaintiffs served the Third Request for Production ("RFP") on Sponsor Defendants on April 3, 2023, and Sponsor Defendants served their Responses and Objections on May 1, 2023 (NYSCEF 760 ["Flanders Affirm."] ¶¶4–5). After meeting and conferring, the parties reached an impasse and the Court granted Plaintiffs leave to move to compel (*id.* at ¶6). Following oral argument, the Court granted in part Plaintiffs' motion on November 16, 2023, compelling a series of records relating to "Act I" discovery (*see* NYSCEF 704 ["Nov. 16 Order"]). At that time, document discovery was to be substantially complete by December 31, 2023 (NYSCEF 702), which was extended by stipulation to January 17, 2024 (NYSCEF 712).

At the October 2023 hearing on the motion to compel, the Court said that Plaintiffs should "revise the [Act II] requests to make them more reasonable" and "any motions to compel with respect to the Act two discovery should be teed up so that I can decide it in enough time that if there's any follow-up, it can be done before the end of the period. So it's not a goal. It's a directive" (NYSCEF 701 at 75, 77).

On March 15, 2024, the parties requested another extension for fact depositions to be completed by May 3, 2024, and all fact discovery to be completed by May 31, 2024 (NYSCEF 736), indicating that document discovery had been substantially completed pursuant to the January stipulation.

On May 28, 2024, the parties filed a Rule 14 letters outlining outstanding issues relating to "Act I" and "Act II" discovery (NYSCEF 751). The Court granted Plaintiffs leave to move to compel (NYSCEF 752), and further granted an extension of the end date for all fact discovery to

July 12, 2024 (NYSCEF 755). A month later, and only a couple days before the end date for fact discovery, Plaintiffs filed their motion to compel.[1]

## DISCUSSION

The CPLR requires disclosure of "all matter material and necessary in the prosecution or defense of an action." (CPLR 3101[a]). "[T]he words 'material and necessary' are to be interpreted liberally to require disclosure of any facts bearing on the controversy" (*Rivera v NYP Holdings Inc.*, 63 AD3d 469 [1st Dept 2009] quoting *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406 [1968]).

When a party fails to comply with discovery previously compelled by the Court, the Court is empowered to grant a series of remedies including, without limitation, a negative inference, preclusion, or attorneys' fees (CPLR 3126(1)-(2); *Riverside Ctr. Site 5 Owner LLC v Lexington Ins. Co.*, 225 AD3d 574, 575 [1st Dept 2024]; *Maxim, Inc. v Feifer*, 161 AD3d 551, 554 [1st Dept 2018]).

## I.   "ACT I" DISPUTES

According to Plaintiffs, outstanding discovery remains as to ledgers, construction expenses, and bank records. The Sponsor Defendants argue that Plaintiffs have already received all Act I discovery reasonably necessary to prosecute their case. The Court will address each of these disputes in turn:[2]

---

[1] As noted below, the Court defers ruling on the branch of Plaintiff's motion that seeks to compel production of purportedly privileged communications between Sponsor Defendants and counsel regarding strict foreclosure. The Court will schedule oral argument as to that issue.

[2] As to the bank account request, the Sponsor Defendants submit that they agree to produce any other bank account statements they possess for the relevant accounts, which should resolve this issue.

*Ledgers*: Sponsor Defendants are not required to *create* a "single, native Excel" version of general ledgers if the information is not readily available in that format. However, if the information is readily available "as a comprehensive native file," as Plaintiff suggests, it should be produced in the requested format to facilitate review. Similarly, as to Capital Contribution Trackers, to the extent these documents exist and were not previously produced, the Sponsor Defendants are directed to produce them.

*Budget to Actual Data*: Based on Stern's testimony during his deposition, Plaintiffs seek production of "budget-to-actual" documents, separate and apart from what was reported to lenders as part of the monthly requisitions. The Sponsor Defendants argue that the loan requisition packages for the entire project (from 2017 through 2023) have been produced, detailing every penny spent on the project and the "billing schedule" in these packages is the budget (scheduled value) to actual (revised scheduled value) data to which Mr. Stern referred in his deposition. However, as Plaintiff points out, the Sponsor Defendants do not deny this information exists. Thus, to the extent such documents exist and have not already been produced—which is unclear based on Stern's deposition testimony[3]—the Sponsor Defendants are directed to produce them.

_____

[3] Plaintiff relies on the following exchanges: "A. Okay. So the construction budget that was part of the monthly requisitions, that compared budgets to actuals, correct? A. Yes. Q. Okay. Now, did you have that same access to data of that same comparison for what you are calling the joint venture budget? A. When you say "access," if you mean did I have an ability to get my staff to get me that information, yes. Q. And were those records that you were creating in your regular course of business on this project? A. I wasn't personally creating them, but my staff was. Q. Okay. How often? A. Monthly. But it could have been other periods too, but at least monthly." (NYSCEF 779 ["Stern Tr."] at 67:11–68:2).

However, the following exchange occurred previously: "Q. Okay. And does that include budgeting? A. Budgeting is a very broad term. Almost everything we do involves some level --

[* 4]

***Financial Net Worth and Liquidity Information***: Plaintiffs request that Sponsor Defendants reproduce the personal financial statements for Stern and Maloney that were previously compelled to be produced (Nov. 16 Order at 3), this time without redactions. However, the Court only ordered that the Sponsor Defendant produce "documents sufficient to show" Stern's and Maloney's financial net worth and liquidity for the period 2013 through 2017. The Sponsor Defendants have done so. Further, Plaintiffs are not entitled to discovery regarding the holder of personal assets at this stage of the litigation. This request is denied.

Next, Plaintiffs' motion for a negative inference or preclusion is denied. Plaintiffs have failed to demonstrate that the Sponsor Defendants willfully or repeatedly failed to disclose materials ordered to be produced by this Court's Nov. 16 Order (*see, e.g.*, *Peters v Peters*, 146 AD3d 503, 504 [1st Dept 2017] ["Although plaintiff may not be satisfied with [defendants'] response, it does not evince noncompliance with court orders…."]).

## II.   "ACT II" DISPUTES

Plaintiffs argue that there are numerous deficiencies in Sponsor Defendants' production with respect to Plaintiffs' claim that Sponsor Defendants breached the covenant of good faith and fair dealing through the strict foreclosure and alleged backroom deal. In response, the Sponsor Defendants argue that Plaintiffs' request for "Act II" discovery is untimely, overbroad, and fails to seek information that is material or necessary to any claim.

---

some level of budgeting. Every construction requisition is essentially management of a budget. Even though it might not be the entire budget of the entire venture, it is a kind of a breakout budget for construction activities. So everything involved budgets. Q. Okay. When you say every requisition is part of managing a budget, is that because you have incurred some costs and so now you have actuals to compare to what previously were covered by projections? A. That is certainly part of it. Q. And on the project did you maintain data of actuals versus budgeted? A. Yes, we did so on a monthly basis through the requisition process" (Stern Tr. at 62:5-21).

**652301/2016   AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**
**Motion No.  026**

Page 5 of 8

As an initial matter, the Court notes that despite its directive that Plaintiffs move with dispatch in bringing Act II disputes to the Court's attention substantially before the close of fact discovery in November 2023, Plaintiffs waited until July 3, 2024—six days before the close of fact discovery—to demand that Defendants expand their Act II document production by (i) extending the relevant period by six months and (ii) adding five new custodians. As Sponsor Defendants argue, the chart appended to Plaintiffs' motion papers (NYSCEF 764) was originally attached to a letter sent by Plaintiffs on December 1, 2023 (which itself was a response to a letter sent by Defendants on October 27, 2023) (*see* NYSCEF 787, 788). With the discovery deadline now passed, Plaintiffs ask the Court to order Defendants to review tens of thousands of additional documents. The time for Plaintiffs to act on these complaints was in December – not now, long after documents have been collected, reviewed, and produced. For that reason, Plaintiffs' requests are untimely and are denied. Nevertheless, the Court will address each issue below:

*Time Period*: Plaintiff requests that the ESI time period for "Act II" discovery should extend to June 30, 2018, based on the materiality of third-party records and deposition testimony demonstrating importance of this time period. The Sponsor Defendants have limited their Act II production to the period December 1, 2016, through September 30, 2017, based on this Court's Nov. 16 Order and the Court's prior guidance that any *quid pro quo* would need to be demonstrated at the time of the strict foreclosure, and it was not likely necessary to nail down to the dollar and cent of how much Stern and Maloney ultimately made in the many years since the strict foreclosure (NYSCEF 677 at 24-25). Given this guidance, the request to expand the "Act II" discovery deadline is denied.

*Custodians*: Plaintiffs request that instead of limiting the custodians to Stern and Maloney, Sponsor Defendants should collect and produce information from additional witnesses from both PMG (Rocco Carlucci, Ned White, Jason Algaze, and Andy Warman), and JDS (Greg Gleicher). It appears that both Greg Gleicher and Rocco Carlucci were deposed by the parties, and Plaintiffs do not argue that these witnesses referred to documents that were not produced. The other proposed custodians were not deposed, and the Court finds no basis at this stage to further expand discovery. This request is denied.

*Objections/Scope*: Plaintiffs request that Sponsor Defendants run the already-agreed search terms for all of the above ESI scope and provide a certification upon completion of what they will not be producing. Based on the above, this request is denied.

### III. POST-DEPOSITION DISPUTES [4]

Plaintiffs argue they are entitled to know the content of legal advice given to Sponsor relating to the strict foreclosure and certain other matters because (i) they are members of 111 West 57th Partners ("Partners"), and (ii) the "fiduciary exception" to attorney-client privilege applies. The Court would like to hear oral argument on this issue, and thus defers ruling at this time.

Finally, Plaintiffs' request for attorney's fees is denied.

Accordingly, it is

**ORDERED** that Plaintiffs' Motion to Compel is **GRANTED IN PART** as set forth above. Any productions ordered herein must be completed within twenty-one (21) days of this decision and order; and it is further

---

[4] Sponsor Defendants agreed to search for Loss-Fund information (Br. at 17–18).

**652301/2016 AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**
**Motion No. 026**

Page 7 of 8

**ORDERED** that oral argument on the reserved privilege issue is scheduled for October 4, 2024 at 2:30 PM.

This constitutes the Decision and Order of the Court.

20240911145855JMCOHEND31AU05300494C9EAE29922E5ECE11F6

| 9/11/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |