LNV Corp. v Cordero (2026 NY Slip Op 00318)

LNV Corp. v Cordero

2026 NY Slip Op 00318

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Index No. 380028/10|Appeal No. 5680|Case No. 2025-03883|

[*1]LNV Corporation, Plaintiff-Respondent,
vAwilda Cordero, Defendant-Appellant, Allerton Travel and Cruise Inc. et al., Defendants.

Binakis Law, P.C., Astoria (Patrick Binakis of counsel), for appellant.
Stein Wiener & Roth L.L.P., Westbury (Gerald Roth of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about April 30, 2025, which denied defendant Awilda Cordero's motion to vacate the final judgment of foreclosure and sale, unanimously affirmed, without costs.
The motion court providently denied defendant's motion for vacatur of the judgment of foreclosure under CPLR 5015(a)(3) because she failed to proffer a reasonable excuse for her default in opposing plaintiff's motion to enforce the consent judgment and to obtain a final judgment of foreclosure and sale (see e.g. 3331 102 St. LLC v Newport Beach Holdings LLC, 205 AD3d 497 [1st Dept 2022]). We have specifically found that where a party has failed to establish a reasonable excuse for her default, a defense arising from purported defects in the RPAPL 1304 notices cannot be maintained (see JP Morgan Chase Bank v Dennis, 166 AD3d 530, 531 [1st Dept 2018]).
The motion court also properly denied defendant's motion to the extent that it sought vacatur of the judgment and dismissal of the action in the interest of justice. Defendant failed to present clear and convincing evidence that plaintiff had made any "material falsehoods" that undermined the integrity of this action (see Peters v Peters, 146 AD3d 503 [1st Dept 2017]; cf. CDR Creances S.A.S. v Cohen, 23 NY3d 307, 321 [2014]).
Although defendant maintains she was entitled to revive her standing defenses at any time under RPAPL 1302-a, the motion court properly determined that the defense is not available to a defaulting defendant who has not vacated her default (see U.S. Bank N.A. v Singh, 236 AD3d 965, 967 [2d Dept 2025]; Citibank, N.A. v Boyce, 226 AD3d 867, 868 [2d Dept 2024]). Here, defendant entered into a stipulation in 2014 in which she agreed that her answer, which included an affirmative defense of lack of standing, was stricken with prejudice. Defendant's earlier challenge to the validity of that stipulation was rejected by the motion court's April 21, 2023, order, which was not appealed, and defendant has failed to present any theory that would permit us to consider this issue (see e.g. Combier v Anderson, 34 AD3d 333, 334 [1st Dept 2006]).
We also decline to disturb the motion court's provident denial of defendant's request in the alternative to recalculate interest on the judgment. Defendant urges that 2,441 days of interest should be deducted from the judgment under CPLR 5001(a) as a matter of equity on two bases. First, defendant urges that 768 days of interest should be deducted because plaintiff commenced this lawsuit two years and one month after the date of defendant's default in making mortgage payments. However, defendant fails to cite legal support for her claim that this period, which is well within the six-year statute of limitations (CPLR 213[4]), may serve as the basis to reduce the interest due. Second, defendant argues that 1,673 days of interest should be deducted based on her claim that the 2014 stipulation is unenforceable. As discussed above, defendant did not appeal from the denial of her motion to vacate the 2014 stipulation, and its enforceability is now the law of the case (Combier, 34 AD3d at 334).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026